HARPER, Appellant,

v.

FRANTZ, Appellee.

[Cite as *Harper v. Frantz* (1989), 61 Ohio App.3d 341.]

Court of Appeals of Ohio,
Fayette County.

No. CA88–08–013.

Decided March 6, 1989.

*Evelyn W. Coffman,* for appellant.

*Junk & Junk* and *William T. Junk,* for appellee.

*Per Curiam.*

This cause came on to be heard upon an appeal from the Washington Court House Municipal Court.

The issue presented by this appeal is whether a plaintiff may voluntarily dismiss an action in which an agreed entry has been reached and read into the record, but not filed. On the basis of Civ. 41(A)(1), we find that a plaintiff may do so.

The pertinent facts involved in this action are as follows. Plaintiff-appellant, Beverly Harper, and defendant-appellee, Marion Frantz, are owners of adjoining farm real estate. Appellant destroyed a portion of the line fence between their properties and replaced it with barbed wire, without the knowledge or consent of appellee. The fence was composed of more than three barbed wires with at least one of the barbed wires being less than forty-eight inches from the ground. Appellee refused to share in the cost of the fence and therefore appellant sought recourse from the Marion Township Trustees, pursuant to the "partition fence" law, R.C. 971.01 *et seq.* The trustees determined that the fence was in violation of R.C. 971.03 and that it did not benefit appellee and therefore denied apportioning any cost to appellee. Appellant then filed suit in the Washington Court House Municipal Court on July 1, 1987, asserting two claims: (1) reimbursement for the new fence, and (2) damages for hay which she was forced to buy due to the condition of the fence.

On March 8, 1988, the court granted summary judgment in favor of appellee as to appellant's first cause of action. Trial was set for July 1, 1988 on the second cause of action at which time the case was called for trial in open court. At that time, a settlement agreement was orally placed on record by

counsel for the parties. Although the terms were placed on record, the judgment entry, reflecting the agreement, was not filed until August 2, 1988.

On July 8, 1988, appellant's counsel, C.J. Schwart, withdrew from the case and attorney Evelyn W. Coffman entered her appearance and filed a notice of dismissal of the complaint pursuant to Civ.R. 41(A)(1).

On July 29, 1988, appellee orally moved that the court strike appellant's voluntary dismissal and sign an entry setting forth the terms of the settlement agreement previously placed on the record. On August 2, 1988, the judge granted this motion, reinstating the terms of the agreement and striking appellant's voluntary dismissal.

For her sole assignment of error on appeal, appellant claims that:

"The trial court erred in placing a settlement agreement and order of dismissal with prejudice after an entry of dismissal had been filed and costs had been paid prior to commencement of trial thus ignoring Rule 41(A)(1) of the Ohio Rules of Civil Procedure."

Civ.R. 41(A)(1) states that " * * * an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial * * *." Appellant argues that her voluntary entry of dismissal filed on July 8, 1988 was clearly in advance of trial or the filing of the judgment entry filed on August 2, 1988. Appellee argues that because the summary judgment upon the first cause of action had been journalized prior to appellant's notice of dismissal as to the entire complaint, the dismissal was improperly allowed because appellant could not dismiss the first claim which had been previously ruled upon. Appellee also contends that the trial had commenced for purposes of Civ.R. 41(A)(1) on July 1, 1988, when the case was called for trial in open court.

We do not find appellee's argument persuasive. The parties entered into a settlement agreement on July 1, 1988 in lieu of trial and therefore a trial never commenced. Appellant's notice of dismissal was filed on July 8, 1988, which was prior to the journalization of the settlement agreement on August 2, 1988. Once a cause of action is dismissed under Civ.R. 41(A)(1), the case is over and the trial court is without jurisdiction to make any further order. *Settles v. Invesco* (Mar. 31, 1988), Butler App. No. CA87–10–127, unreported, 1988 WL 37111. Therefore, the trial court should have acknowledged the voluntary dismissal and denied appellee's oral motion to strike appellant's voluntary dismissal. The trial court erred in signing an entry setting forth the terms of the settlement agreement previously placed upon the record. For the foregoing reasons, appellant's sole assignment of error is sustained.

*Bolen v. Young* (1982), 8 Ohio App.3d 36, 8 OBR 39, 455 N.E.2d 1316, cited in appellant's brief is distinguishable from the case at bar because it did not involve a voluntary dismissal. *Bolen* is good law, however, and indicates that appellant may be contractually bound by the settlement agreement if appellee were to file a new action and the court found that they both entered into a binding contract.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

JONES, P.J., HENDRICKSON and KOEHLER, JJ., concur.