CONLEY, Appellant,

v.

JENKINS, C.R.N.A., et al., Appellees.

[Cite as *Conley v. Jenkins* (1991), 77 Ohio App.3d 511.]

Court of Appeals of Ohio,
Scioto County.

No. 1924.

Decided Oct. 4, 1991.

**512**

*Joseph L. Hale,* for appellant.

*Robert E. Dever,* for appellees.

PETER B. ABELE, Judge.

This is an appeal from a judgment entered by the Scioto County Common Pleas Court granting appellees' motions to dismiss a medical malpractice complaint filed by William T. Conley, plaintiff below and appellant herein.

Appellant assigns the following errors:

FIRST ASSIGNMENT OF ERROR:

"The ruling of the trial court granting the appellee's motion to dismiss was in error because the plaintiff-appellant's complaint was in full compliance with O.R.C. 2307.42."

SECOND ASSIGNMENT OF ERROR:

"The ruling of the trial court granting the appellee's motion to dismiss was in error because a plaintiff in a medical malpractice action can rely on res ipsa loquitur even though specific acts of negligence are alleged in the complaint."

THIRD ASSIGNMENT OF ERROR:

"The ruling of the trial court granting the appellee's motion to dismiss was in error because a plaintiff in a medical malpractice action can rely on res ipsa loquitur even though the alleged malpractice involves multiple defendants who had control of the instrumentality, procedure or occurrence that caused the injury."

FOURTH ASSIGNMENT OF ERROR:

"The ruling of the trial court granting the appellees' motion to dismiss was in error because O.R.C. 2307.42 is unconstitutional in that it violates the equal protection guarantees of the Constitution of the United States and of the state of Ohio."

FIFTH ASSIGNMENT OF ERROR:

"The ruling of the trial court granting the appellees' motion to dismiss was in error because O.R.C. 2307.42 is unconstitutional in that it violates Section 5(B), article IV of the Ohio Constitution."

SIXTH ASSIGNMENT OF ERROR:

"The ruling of the trial court granting the appellees' motion to dismiss was in error because O.R.C. 2307.42 is unconstitutional in that it violates section 1, article IV of the Constitution of the state of Ohio."

SEVENTH ASSIGNMENT OF ERROR [1]:

"The trial court abused its discretion and erred by rendering its decision before ruling on plaintiff-appellant's motion for leave to amend, supplement and consolidated plaintiff's responses to the defendants' motions to dismiss."

EIGHTH ASSIGNMENT OF ERROR:

"The trial court committed error by signing and filing the judgment entry after the plaintiff-appellant had filed a notice of dismissal pursuant to Civil Rule 41(A)(1)."

Appellant underwent arthroscopic knee surgery on November 7, 1988. During the surgery, appellant became cyanotic and required reintubation. Rather than being released later that day as originally planned, appellant spent the night in the intensive care unit.

Exactly two years after the surgery, appellant brought the instant action against Nurse Anesthetist Peggy Jenkins, Dr. William E. Daehler, Dr. Duane Marchyn, and Scioto Memorial Hospital. The complaint alleged the defendants "improperly and negligently intubated plaintiff and improperly and negligently administered anesthesia" to plaintiff.

Appellant's attorney attached an affidavit to the complaint. The affidavit stated: (1) appellant intends to rely on the theory of res ipsa loquitur to establish proof of the allegations in the complaint, and (2) the facts and circumstances set forth in the complaint do not require proof by an expert witness.

Each of the four defendants filed a motion to dismiss the complaint on the grounds appellant failed to comply with R.C. 2307.42 by attaching to the

---

[1]. On April 9, 1991, we granted appellant's motion to strike his seventh assignment of error.

complaint an affidavit of an expert medical witness. Appellant responded to the motions by noting his counsel's affidavit not only stated appellant intended to rely on the doctrine of res ipsa loquitur, but also stated no expert medical witnesses are necessary to prove the allegations of the complaint. Appellant further responded by citing *Oberlin v. Friedman* (1965), 5 Ohio St.2d 1, 7, 34 O.O.2d 1, 4, 213 N.E.2d 168, 172, for the proposition that the doctrine of res ipsa loquitur may be applied even in cases where the complaint also alleges specific acts of negligence.

On April 20, 1990, the trial court issued four decisions, each granting a different defendant's motion to dismiss. In each decision the court directed each counsel to prepare a judgment entry in accordance with the decision. On April 24, 1990, appellant filed a notice of dismissal, pursuant to Civ.R. 41(A)(1) and R.C. 2305.19, that stated as follows:

"Pursuant to Rule 41(A)(1) of the Ohio Rules of Civil Procedure and Section 2305.19 of the Ohio Revised Code, Plaintiff hereby dismisses this action without prejudice."

On July 18, 1990, the court below entered a judgment prepared by attorney Robert E. Dever serving as counsel for the hospital and the nurse anesthetist. The judgment granted the motions to dismiss filed by the hospital and the nurse anesthetist. Although the trial court's July 18, 1990 judgment entry did not specifically mention the remaining two defendants, the motions filed by the hospital and the nurse anesthetist had requested the court to "dismiss *this action* for the reason that the Court lacks jurisdiction of the subject matter." (Emphasis added.)

Appellant filed a timely notice of appeal from the July 18, 1990 judgment. The hospital and the nurse filed an appellate brief urging affirmance. The remaining defendants did not enter an appearance in this appeal.

In this appeal the appellant asserts that because he filed a notice of dismissal, pursuant to Civ.R. 41(A)(1), and voluntarily dismissed the action, the trial court lacked jurisdiction to issue the judgment entry granting the motions to dismiss.

Appellees disagree and contend that since appellant filed his Civ.R. 41(A)(1) notice of dismissal four days after the court issued and, as appellees contend, journalized its decision to grant the four motions to dismiss, the notice of dismissal did not dismiss the action. We find no merit to appellees' contention.

First, we will discuss appellees' contention that "by filing its decision on April 20, 1990, the trial court journalized its decision * * *." When deciding whether a particular document constitutes a judgment entry, appel-

late courts have looked to the intent of the trial court. See *St. Vincent Charity Hospital v. Mintz* (1987), 33 Ohio St.3d 121, 515 N.E.2d 917; *Millies v. Millies* (1976), 47 Ohio St.2d 43, 1 O.O.2d 36, 350 N.E.2d 675; *Ohio Assn. of Public School Employees v. New Miami Local School District Bd. of Edn.* (1986), 31 Ohio App.3d 163, 31 OBR 328, 509 N.E.2d 973. In the case *sub judice*, the trial court's four April 20, 1990 decisions specifically instruct counsel "to prepare an Entry in accordance with this Decision." The court's instructions indicate the court did not intend the April 20, 1990 decisions to be final judgment entries. The fact that the court later issued a judgment entry prepared by appellees' counsel further indicates the court did not intend the four decisions to be judgment entries. Therefore, we find that the trial court's April 20, 1990 decisions are merely announcements of the court's decision and are not judgment entries.

We now turn to the issue of whether appellant's Civ.R. 41(A)(1) notice of dismissal precludes the court's July 18, 1990 judgment entry dismissing the action. Civ.R. 41(A)(1) allows a plaintiff to voluntarily dismiss an action at any time prior to trial by filing a notice of dismissal. The rule provides:

"(A) Voluntary Dismissal; effect thereof.

"(1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of court (a) *by filing a notice of dismissal at any time before the commencement of trial* unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant * * *. Unless otherwise stated in the notice of dismissal or stipulation, *the dismissal is without prejudice*, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim." (Emphasis added.)

The notice of dismissal dismisses the action without prejudice, unless the plaintiff has previously dismissed an action involving the same claim.

In *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 512 N.E.2d 337, the court held that a medical malpractice plaintiff may use Civ.R. 41(A)(1) to dismiss an action without prejudice. The court wrote at paragraph two of the syllabus:

"A voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes a failure otherwise than upon the merits within the meaning of the savings statute, R.C. 2305.19."

The savings statute, R.C. 2305.19, permits appellant to refile his claims against appellees within one year of his Civ.R. 41(A)(1) notice of dismissal. See *Costell v. Toledo Hosp.* (1988), 38 Ohio St.3d 221, 527 N.E.2d 858.

The critical question in this appeal is whether the court had jurisdiction to issue the July 18, 1990 judgment entry dismissing the action after appellant had voluntarily dismissed the action without prejudice on April 24, 1990. Other appellate courts have encountered this issue. In *Standard Oil Co. v. Grice* (1975), 46 Ohio App.2d 97, 75 O.O.2d 81, 345 N.E.2d 458, the Second District Court of Appeals wrote:

"The language of Civil Rule 41(A)(1) and (C) requires no construction. *It gives either party an absolute right, regardless of motives, to voluntarily terminate its cause of action* at any time prior to the actual commencement of the trial. * * * While such rule may be subject to abuse, as was recognized by the civil rules committee, the only limitation imposed is that a notice of dismissal operates as an adjudication upon the merits when filed by a party who once previously dismissed an action based on the same claim." (Emphasis added.)

Twelve years later in *Hamilton Die Cast, Inc. v. Brunswick Administrative Services, Inc.* (Aug. 4, 1987) Montgomery App. No. 10287, unreported, 1987 WL 15244, the Second District specified that once an action is voluntarily dismissed pursuant to Civ.R. 41(A)(1), the court cannot reclaim jurisdiction of the case.

Similarly, the Eighth District Court of Appeals in *Torres v. Sears, Roebuck & Co.* (1980), 68 Ohio App.2d 87, 22 O.O.3d 99, 427 N.E.2d 32, held a court may not dismiss an action with prejudice after a plaintiff has filed a Civ.R. 41(A)(1) notice of dismissal without prejudice. In *Randustrial Corp. v. Takacs* (Mar. 19, 1987), Cuyahoga App. No. 51686, unreported, 1987 WL 8123, the Eighth District wrote:

"Plaintiff timely appeals, contending in its sole assignment of error that the trial court erred in dismissing the complaint after it has previously filed a notice of dismissal pursuant to Civ.R. 41(A)(1)(a). We find plaintiff's contention to be well taken.

"*A plaintiff has an absolute right to voluntarily dismiss a complaint* without order of the court by filing a notice of dismissal at any time before commencement of trial, unless the defendant has served a counterclaim which cannot remain pending for independent adjudication. Civ.R. 41(A)(1). This court has repeatedly held that where no such counterclaim has been asserted, *a timely filed notice of dismissal without prejudice divests the trial court of authority to subsequently dismiss the action with prejudice.* [Citations omitted.] Once plaintiff filed its notice of dismissal, no action remained pending before the court." (Emphasis added.)

See, also, *Goldstein v. Goldstein* (1988), 50 Ohio App.3d 4, 552 N.E.2d 228; *Clay Hyder Trucking Lines, Inc. v. Riley* (1984), 16 Ohio App.3d 224, 16 OBR 240, 475 N.E.2d 183.

■ After a voluntary dismissal, the parties are in the same position as if the action had never been commenced. In *Zimmie v. Zimmie* (1984), 11 Ohio St.3d 94, 11 OBR 396, 464 N.E.2d 142, the Supreme Court wrote:

"It is axiomatic that such dismissal deprives the trial court of jurisdiction over the matter dismissed. After its voluntary dismissal, an action is treated as if it had never been commenced. *Goldstein v. Klivans, Inc.* (1931), 10 Ohio Law Abs. 133. Jurisdiction cannot be reclaimed by the court."

See, also, *James v. Elward* (Jan. 22, 1991), Ross App. No. 1630, unreported, 1991 WL 13822.

■ The Civ.R. 41(A)(1) right to file a notice of dismissal applies even where a plaintiff files the notice of dismissal after learning that the court intends to journalize an adverse decision. In *Standard Oil Co., supra*, the counterclaimant filed a Civ.R. 41(A)(1) notice of dismissal after the court rendered an adverse decision on the merits but before the court journalized that decision. Similarly, in the first lawsuit brought by the plaintiff in *Frysinger, supra*, the plaintiff dismissed the case a mere thirty minutes before the defendant moved the court to confirm an arbitration award. See *Frysinger v. Leech* (1983), 10 Ohio App.3d 150, 10 OBR 202, 460 N.E.2d 1161.

Recently, in *Harper v. Frantz* (1989), 61 Ohio App.3d 341, 572 N.E.2d 788, the plaintiff exercised her Civ.R. 41(A)(1) right to dismiss the case after the parties had placed an oral settlement agreement on the record but before that agreement was journalized. The Twelfth District held that once a plaintiff files a Civ.R. 41(A)(1) notice of dismissal, the trial court is without jurisdiction to make any further orders.

Therefore, based upon the foregoing, we find that appellant's Civ.R. 41(A)(1) notice of dismissal filed on April 24, 1990, divested the trial court of authority to subsequently dismiss the action or to issue any further orders in the case. Once appellant filed the notice of dismissal, no action remained pending before the court. The trial court was without jurisdiction to enter judgment dismissing the action. Inasmuch as the trial court did not have jurisdiction to enter the July 18, 1990 judgment, that judgment must be set aside.

Consequently, we are without jurisdiction to address the merits of appellant's assignments of error. See *Hansen v. Hansen* (1985), 21 Ohio App.3d 216, 21 OBR 231, 486 N.E.2d 1252. Appellant's voluntary dismissal of his action against appellees dissolved the orders which were the subject of his

assignments of error. See *Tepper v. Tepper* (July 5, 1990), Cuyahoga App. No. 58904, unreported, 1990 WL 93224; *Gruenspan v. Dinn, Hochman, King and Melamed* (May 30, 1991), Cuyahoga App. No. 58647, unreported, 1991 WL 95077; *James, supra;* and *Zimmie, supra.* The dismissal of an action without prejudice, whether voluntary or involuntary, dissolves all orders rendered by the trial court during the pendency of the action. *Central Mutual Ins. Co. v. Bradford–White Co.* (1987), 35 Ohio App.3d 26, 519 N.E.2d 422. The action must be treated as if it had never been commenced. *James, supra; Zimmie, supra.*

Accordingly, based upon the foregoing reasons, we reverse the trial court's July 18, 1990 judgment granting appellees' motions to dismiss. Further, inasmuch as the trial court was without jurisdiction to enter judgment, the remaining assignments of error are, pursuant to App.R. 12(A), overruled.

*Judgment reversed.*

STEPHENSON, P.J., and GREY, J., concur.