James HALL, Plaintiff,

v.

GIBSON GREETINGS, INC., Defendant.

No. C–1–96–1161.

United States District Court,
S.D. Ohio,
Western Division.

July 30, 1997.

Martin McHenry, Jacobs, Kleinman, Seibel & McNally, Cincinnati, OH, for James Hall.

Brian Paul Gillan, Robert J. Reid, Dinsmore & Shohl, Cincinnati, OH, for Gibson Greetings, Inc.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Defendant's Motion to Dismiss (doc. 3) to which Plaintiff responded (doc. 4) and Defendant replied (doc. 6).

## BACKGROUND

Plaintiff, James Hall ("Hall"), is a former employee of Defendant, Gibson Greetings, Inc. ("Gibson"). On December 15, 1994, Gibson terminated Mr. Hall as part of a workforce reduction. On June 12, 1995, Mr. Hall

sued Gibson and Gregory Ionna, Gibson's Vice President of Sales and Marketing, in Hamilton County Court of Common Pleas (Case No. A199502994) alleging age discrimination, promissory estoppel, breach of contract and fraud arising out of Gibson's decision to terminate him.

Gibson and Mr. Ionna moved for summary judgment. The trial court heard oral argument. On June 11, 1996, the trial court granted summary judgment for Gibson on the age discrimination and fraud claims but denied summary judgment on the promissory estoppel and breach of contract claims. The trial court granted summary judgment for Mr. Ionna on all claims.

Prior to trial on the merits of the remaining claims, Mr. Hall dismissed his state court action without prejudice pursuant to Ohio Civil Rule 41(A)(1). Mr. Hall filed in Federal District Court for the Southern District of Ohio the next day asserting claims for breach of contract, promissory estoppel, negligent misrepresentation and fraud against Gibson, but not Mr. Ionna, arising out of its decision to terminate Mr. Hall.

Gibson has now moved to dismiss Mr. Hall's fraud claim. Gibson argues that Mr. Hall is precluded by Judge Ney's Entry in Case No. A9502994 granting summary judgment for Gibson on Mr. Hall's fraud claim under the doctrine of res judicata. Gibson has submitted the Judge Ney's Entry as an exhibit to its Motion to Dismiss. Because Gibson relies on materials outside of the pleadings, the Court will treat its motion as a motion for summary judgment. *See* Fed. R. Civ. Pro. 12(b) ("If, on the motion ... to dismiss for failure ... to state a claim upon which relief can be granted, matters outside the pleading are presented ..., the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....").

## DISCUSSION

"Res judicata, or claim preclusion ... is the doctrine ... by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or cause of action or raising a new defense to defeat a prior judgment. It precludes not only relitigating a claim or cause of action previously adjudicated, it also precludes litigating a claim or defense that should have been raised, but was not, in a claim or cause of action previously adjudicated." *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660–61 (6th Cir.1990) (citation omitted). Under the full faith and credit statute (28 U.S.C. § 1738), a federal court must give the same preclusive effect to a prior state court judgment as would a state court in the State which rendered the judgment. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 1331–32, 84 L.Ed.2d 274 (1985). Accordingly, we must look to the law of Ohio to determine the preclusive effect of the previous Entry of the Hamilton County Court of Common Pleas.

■ Under Ohio law, the doctrine of res judicata applies where there has been a final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, conclusive of rights, questions and facts in issue as to the parties and their privies. *Quality Ready Mix, Inc. v. Mamone*, 35 Ohio St.3d 224, 227, 520 N.E.2d 193 (1988). For res judicata to apply: (1) the judgment in the prior suit must be final; (2) the prior judgment must be rendered on the merits; and (3) both lawsuits must be based on the same "claim" or "cause of action." *Norwood v. McDonald*, 142 Ohio St. 299, 305, 52 N.E.2d 67 (1943); *In re Hoff*, 187 B.R. 190, 194 (S.D.Ohio 1995).

■ In this instance, the Judge Ney granted summary judgment for Gibson on two of four claims in Mr. Hall's Complaint in the Hamilton County Court of Common Pleas action. Before trial, Mr. Hall voluntarily dismissed his case and then refiled his action in federal court asserting claims arising out of the same factual allegation including the fraud claim which the Court of Common Pleas had earlier granted summary judgment.

There appears to be no dispute that Judge Ney's Entry in Case No. A199502994 (the "Order") granting Gibson summary judgment on Mr. Hall's fraud claim was decided on the merits and involved the same claim or

cause of action brought here. The Parties, however, dispute whether the Order was sufficiently final so as to have preclusive effect. We must decide whether an order granting summary judgment on some but not all of the claims in a case is a final order for purposes of res judicata.

In general, an order granting summary judgment which terminates a party's action is an adjudication on the merits with preclusive effect. *A–1 Nursing v. Florence Nightingale Nursing,* 97 Ohio App.3d 623, 627, 647 N.E.2d 222 (1994). Furthermore, "[a] judgment may be final in a res judicata sense as to part of an action although the litigation continues as to the rest.'" *Phung v. Waste Management, Inc.,* 71 Ohio St.3d 408, 412, 644 N.E.2d 286 (1994) (quoting 1 *Restatement (Second) of Judgments* § 13, cmt. e (1982)). However, an order which adjudicates one or more but fewer than all claims or determines the rights of one or more but than all the parties in an action must meet the requirements of O.R.C. § 2505.02 and Ohio Civil Rule 54(B)[1], if applicable, in order to be a final appealable order. *Chef Italiano Corp. v. Kent State University,* 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).

In Ohio, a final order is defined in O.R.C. § 2505.02, which provides:

> An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial.

O.R.C. § 2505.02. In order to be final, an order must fit in one of the three categories outlined in O.R.C. § 2505.02. *General Electric Supply Co. v. Warden Electric, Inc.,* 38 Ohio St.3d 378, 528 N.E.2d 195 (1988). "'[T]he entire concept of 'final orders' is based upon the rationale that the court making an order which is not final is thereby

retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof.'" *Noble v. Colwell,* 44 Ohio St.3d 92, 94, 540 N.E.2d 1381 (1989) (quoting *Lantsberry v. Tilley Lamp Co.,* 27 Ohio St.2d 303, 306, 272 N.E.2d 127 (1971)).

The state court judgment for Gibson on Mr. Hall's fraud claim is not a final order pursuant to O.R.C. § 2505.02 or Rule 54(B). First, the Order is not a final order under the applicable portion of O.R.C. § 2505.02. An order granting summary judgment is covered by the first category of judgments in § 2505.02 (*i.e.,* an order which affects a substantial right which determines the action and prevents judgment). *See Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989) (applying first category for determining whether granting partial summary judgment was final order). "A substantial right is a . . . 'legal right entitled to enforcement and protection by law[.]'" *Id.* (quoting *In re Estate of Wyckoff,* 166 Ohio St. 354, 358, 142 N.E.2d 660 (1957)). Granting summary judgment for Gibson on Mr. Hall's claim for recover under a theory of fraud qualifies as an order affecting a substantial right because it prevents him from pursuing the fraud claims. *See id.* (holding that dismissal of two claims in plaintiff's complaint affected a substantial right because it prevented pursuing an action on those claims). However, the effect of the Entry of summary judgment did not determine the action or prevent judgment because Mr. Hall had two claims remaining against Gibson. *See id.* at 89, 541 N.E.2d 64 (finding that order dismissing two of four claims did not determine the action or prevent judgment because plaintiff's other claims remained outstanding); *Sparks v. Edingfield,* No. 94–CA–78, 1995 WL 141625 at *1–2 (Ohio Ct.App. Mar. 31, 1995) (holding res judicata was not applicable to defendant's immunity defense dismissed on summary judgment in previous action which was later voluntarily dismissed because it did not determine the action or prevent judgment on plaintiff's claim). Accordingly, although an

---

1. Rule 54(B) of the Ohio Rules of Civil Procedure defines when a judgment in a case involving multiple claims or multiple parties case is final or interlocutory.

interlocutory order granting partial summary judgment affects a substantial right it is not a final order because it does not determine the action.

Secondly, pursuant to Rule 54(B), the Order is considered an interlocutory order subject to revision by the trial court any time before entry of judgment on all claims. Ohio R. Civ. Pro. 54(B).

Absent a Civ. R. 54(B) certification that there is no just reason for delay, the summary judgment remained an interlocutory order because it was subject to revision by the trial court while the liability claim remained pending. The subsequent notice of voluntary dismissal did not determine the liability claim because it was not an adjudication of the merits. The notice merely dismissed the action in which the liability claim was presented, and in doing so dissolved all interlocutory orders made by the court in that action, including the summary judgment from which this appeal is taken. *Sparks,* 1995 WL 141625 at *1.

■ The general rule in Ohio is that the voluntary dismissal of an action dissolves any interlocutory orders entered prior to dismissal.[2] *Central Mut. Ins. v. Bradford–White Co.,* 35 Ohio App.3d 26, 28, 519 N.E.2d 422 (1987) (citing *Krug v. Bishop,* 9 Ohio Dec. Reprint 250, 252 (1877)); *Menti v. Joy,* No. 6507, 1994 WL 581524 at *3 (Ohio Ct.App. Oct. 20, 1994). Thus, the previously entered orders do not have res judicata effect. *See De Ville Photography, Inc. v. Bowers,* 169 Ohio St. 267, 272, 159 N.E.2d 443 (1959) ("Where an action or proceeding is dismissed without prejudice, rulings preceding the final judgment or decree of dismissal are, as a general proposition, not capable of becoming res judicata."). Plaintiff then remains free to commence another action against the defendant raising the same issues. *Board of Health v. City of St. Bernard,* 19 Ohio St.2d 49, 52, 249 N.E.2d 888 (1969); *Central Mut. Ins.,* 35 Ohio App.3d at 28, 519 N.E.2d 422.

Accordingly, the Entry of partial summary judgment on Mr. Hall's fraud claim against Gibson in the state court action was not a final order under either O.R.C. § 2505.02 or Rule 54(B) and consequently, not a bar to Mr. Hall's subsequent suit in federal court on the fraud claim.

Gibson argues that the Sixth Circuit's holding in *Employees Own Federal Credit Union v. City of Defiance,* 752 F.2d 243 (6th Cir.1985), that a plaintiff cannot avoid res judicata merely by voluntarily dismissing his state court action. In *Employees Own,* plaintiff filed a civil rights action in state court contending that the defendants' refusal to extend water service to it violated its right to due process under the United States Constitution. The trial court granted defendants' motion to dismiss finding that plaintiff had no property interest in water service under Ohio law. The trial court, however, did not enter judgment but allowed plaintiffs twenty days to amend their complaint. Plaintiff instead voluntarily dismissed its state court action and refiled in federal court. No journal entry was prepared or entered in the state court action. The Sixth Circuit found that the voluntary dismissal of an action prior to submission of a journalized judgment entry did not avoid the effects of res judicata. The Sixth Circuit determined that the detailed memorandum opinion of the state trial court was a final judgment "sufficiently firm to be accorded preclusive effect." *Id.*

The situation presented here is readily distinguishable from the situation in *Employees Own. Employees Own* involved a detailed memorandum dismissing the plaintiff's only claim. Thus, the only action remaining for the court to conclude the case was a journal entry of judgment. By contrast, Judge Ney's Entry was not a detailed memorandum and disposed of only two of four claims against Gibson. The case still had to pro-

---

**2.** Rule 41(A) of the Ohio Rules of Civil Procedure gives either party in an action an absolute right to voluntarily dismiss its cause of action at any time prior to actual commencement of trial. *Conley v. Jenkins,* 77 Ohio App.3d 511, 516, 602 N.E.2d 1187 (1991). This right to dismiss an action "applies even where a plaintiff files the

notice of dismissal after learning that the court intends to journalize an adverse decision." *Id.* at 517, 602 N.E.2d 1187. Thus, after a voluntary dismissal, the parties are in the same position they would be if no action had been filed. *Zimmie v. Zimmie,* 11 Ohio St.3d 94, 464 N.E.2d 142 (1984).

ceed to trial on those remaining issues before the Entry would be a final appealable order. Accordingly, we conclude that the Sixth Circuit's holding in *Employees Own* does not preclude Mr. Hall from refiling his fraud claim originally brought in state court.

## CONCLUSION

Accordingly, the Court DENIES Defendant's Motion to Dismiss.

SO ORDERED.