**GABRIEL et al.**

v.

**BAZYDLO.**

Court of Common Pleas of Ohio,
Cuyahoga County.

No. 332989.

Decided Oct. 17, 1997.

8

*David D. Weisberg*, for plaintiffs.

*James M. Johnson*, for defendant.

THOMAS PATRICK CURRAN, Judge.

Defendant seeks summary judgment based upon the statute of limitations defense. For the reasons which follow, the motion is granted in part and overruled in part.

On the complaint of Cameelia Gabriel, judgment is rendered in favor of the defendant due to a tardy refiling of a previously dismissed complaint. On the complaint of Nabil Gabriel, the motion for summary judgment is denied, this being a derivative claim of the co-plaintiff/spouse for which the four-year statute of limitations applies. R.C. 2305.09.

## PROCEDURAL FACTS

This case calls into question the procedural effect of a self-executing notice of dismissal under Civ.R. 41(A)(1)(a) of the Ohio Rules of Civil Procedure.

The following time line is presented for analysis:

2-27-95  Date of filing of original complaint by husband/wife plaintiffs. Assigned case No. 285490.

12-1-95  Date of filing of motion to intervene by Blue Cross and Blue Shield.

2-8-96  Order granting motion to intervene.

3-7-96  Filing date of notice of dismissal without prejudice in behalf of plaintiffs and intervenor. Civ.R. 41(A)(1)(a) invoked.

4–22–96    Order reciting dismissal without prejudice, and stating "Final."

4–10–97    Husband/wife plaintiffs refile complaint.    Assigned case No. 332989.

The issue presented pertains to the efficacy of this court's order of April 22, 1996.

In defending against the proposition of a defective refiling, the plaintiffs present four arguments:

1.    The dismissal notice filed on March 7, 1996 was an error and should have been achieved by stipulation.

2.    The court's entry of April 22, 1996 should control over the dismissal notice of plaintiffs' attorney.

3.    The clerk of court erred to the prejudice of plaintiffs in not issuing postcard notice of plaintiffs' attorney's own notice of dismissal.

4.    The four-year statute of limitations applies to the husband's claim for loss of consortium.

■    As to point one above, Civ.R. 41 affords the practitioner a variety of options—foremost of which is the self-executing notice of dismissal.  The attorney for the plaintiffs elected to pursue the option of a self-executing notice of dismissal.  He should not now be given the opportunity of correcting an option that was then properly and deliberately invoked.  Furthermore, the plaintiffs' attorney intentionally and deliberately dismissed the interest of Blue Cross and Blue Shield—thus representing that he had the professional authority to do so. See Civ.R. 11, Ohio Rules of Civil Procedure.  This court has the right to rely upon papers filed by officers of the court.

■    As to point two, the court's entry of April 22, 1996 is merely a judicial acknowledgement of an existing legal fact, *viz.*, a dismissal notice issued by an attorney.  This court has inherent control over its docket, but this court is powerless to prevent a properly filed self-executing dismissal by a plaintiff.  The court's entry of April 22, 1996 is merely a statistical endeavor pursued to close the case on the court's docket.  The entry is merely an acknowledgement that a party accomplished a dismissal pursuant to one of the options outlined in Civ.R. 41—namely, the self-executing unilateral option;  cf. *Conley v. Jenkins* (1991), 77 Ohio App.3d 511, 602 N.E.2d 1187;  and *Clay Hyder Trucking Lines, Inc. v. Riley* (1984), 16 Ohio App.3d 224, 16 OBR 240, 475 N.E.2d 183.  *Conley* confirms that a Civ.R. 41(A)(1)(a) dismissal deprives the court of jurisdiction.  77 Ohio App.3d at 517, 602 N.E.2d at 1190–1191.

■    Point three involves fundamental notions of procedural due process and equal protection.  Litigants have the right to receive notice by the clerk of final

**10**

appealable orders. See *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851. Whether the right of appeal should be considered a property right was cogently questioned by Justice Wright in his concurring opinion. *Id.* at 86, 523 N.E.2d at 856–857. But, in any event, the clerk of court did issue notice of closure to the litigants. The judicial notice of closure constituted a message to the litigants that plaintiffs' attorney had achieved closure. This court employs "closure" as a term of art. A Civ.R. 41(A)(1)(a) dismissal plainly is not a "final appealable order." See *Hensley v. Henry* (1980), 61 Ohio St.2d 277, 15 O.O.3d 283, 400 N.E.2d 1352. In *Hensley,* the Ohio Supreme Court held that a plaintiff's notice of dismissal is not considered an adjudication on the merits unless (1) plaintiff had previously filed and dismissed the claim in any court or (2) the notice of dismissal states that it is an adjudication on the merits. 61 Ohio St.2d at 279, 15 O.O.3d at 284, 400 N.E.2d at 1353–1354. The *Hensley* court also held that dismissal is not a final judicial determination from which Civ.R. 60(B) can provide relief. *Id.*

Civ.R. 54(A) defines "judgment" as a decree or any order that is appealable. A Civ.R. 41(A)(1)(a) dismissal is not by definition a judgment, nor is it a final appealable order. Therefore, plaintiffs' reliance upon *Atkinson v. Grumman Ohio Corp., supra,* is misplaced. Furthermore, notions of due process and equal protection warrant timely notification to litigants of judgment entries, particularly those involving final appealable orders, for which time is running quickly. This is a matter of fair play. On the other hand, a Civ.R. 41(A)(1)(a) dismissal presents merely inchoate finality, *viz.,* a finality depending upon a failure to refile within the allotted time period under the savings statute. But, it is a finality without a formal entry of judgment.

█ This leaves remaining for judicial consideration the claim of Nabil Gabriel. According to the pleadings, the accident giving rise to this lawsuit occurred on October 25, 1993. The statute of limitations for such a derivative claim is four years, expiring on October 25, 1997. That claim and that claim alone remains pending and outstanding. The claim of Cameelia Gabriel is denied due to the statute of limitations. Summary judgment therefore is entered in favor of the defendant and against the plaintiff Cameelia Gabriel only. This case remains pending and outstanding on the loss-of-services claim of Nabil Gabriel.

IT IS SO ORDERED.

*Judgment accordingly.*