DECISION JUDGMENT ENTRY
{¶ 1} It appearing that the Entry from which this appeal was taken may not be a final appealable order, this court filed an Entry on May 29, 2002 ordering appellant, Melinda Lewandowski, to file a memorandum addressing this issue. Appellant and appellees, the Guardian Ad Litem and Athens County Children Services filed respective Jurisdictional Briefs.
 {¶ 2} This is an appeal from the denial of a motion to dismiss with prejudice. Appellant filed a Motion to Dismiss the underlying action with prejudice. The trial court denied that motion and instead dismissed the underlying action without prejudice.
 {¶ 3} Appellant asserts that R.C. 2505.02(B)(2) applies in this matter. R.C. 2505.02(B) provides:
 {¶ 4} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 7} "* * *;
 {¶ 8} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy;
 {¶ 10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 11} The denial of a motion to dismiss is not a final appealable order. State v. Winland (Nov. 5, 2001), Hocking App. No. 01CA17, unreported. This court's jurisdiction is limited by R.C. 2505.02, which only permits the court to
 {¶ 12} hear appeals from final orders or from an order that affects a substantial right made in a special proceeding. While it is clear that a complaint requesting a court to find a child neglected or dependent is a special proceeding since it did not exist at common law, an order issued from that proceeding must also affect a substantial right. Here, a dismissal without prejudice does not affect a substantial right because such a dismissal relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced. See In Re: Szymczak (July 23, 1998), Cuyahoga App. No. 73097, unreported. See, also, Zimmie v. Zimmie (1984), 11 Ohio St.3d 94; DeVillePhotography, Inc. v. Bowers (1959), 169 Ohio St. 267; Conley v. Jenkins
(1991), 77 Ohio App.3d 511. If the action had never been commenced, it follows that nothing could have been determined with the kind of finality required by R.C. 2505.02.
 {¶ 13} Upon consideration, this court finds that the order from which this appeal was taken is not a final appealable order pursuant to R.C. 2505.02(B). This court has no jurisdiction to consider this appeal and it is, therefore, DISMISSED.
 APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that appellees recover of appellant costs herein taxed.
It is further ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas, Juvenile Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Kline, J. Concurs.
Harsha, J. Concurs in Judgment Only.
 ____________________________________ David T. Evans, Administrative Judge