JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} The appellant, Mary Ann O. Rini, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, which dismissed various motions filed by her with prejudice.
 {¶ 3} On April 9, 2001, Mary Ann Rini filed a motion to show cause with the lower court citing Gusty A. Rini's alleged failure to pay medical bills and college expenses. She also filed a motion requesting an allocation of college costs to be set between the parties. Due to apparent problems concerning service of said motions, Mrs. Rini filed a voluntary notice of dismissal, pursuant to Civ.R. 41(A), on July 16, 2001.
 {¶ 4} Despite the filing of the notice of voluntary dismissal, on July 18, 2001, the magistrate issued Findings of Fact and Conclusions of Law, which recommended the dismissal, with prejudice, of Mrs. Rini's pending motions. On August 16, 2001, the lower court adopted the recommendation of the magistrate.
 {¶ 5} Mary Ann Rini now appeals arguing that the lower court was without jurisdiction to dismiss, with prejudice, the aforementioned motions since the notice of voluntary dismissal without prejudice, pursuant to Civ.R. 41(A), is a self-executing document. For the following reasons, her appeal is well taken.
 {¶ 6} The appellant presents three assignments of error for this court's review. Since her first assignment of error is dispositive of the instant matter, the remaining two assignments of error are hereby rendered moot. The appellant's first assignment of error states:
 {¶ 7} "I. ONCE A NOTICE OF VOLUNTARY DISMISSAL HAS BEEN FILED WITH THE CLERK OF COURTS, JURISDICTION OF THE TRIAL COURT TERMINATES AND ALL SUBSEQUENT ORDERS OF THE COURT ARE VOID AB INITIO."
 {¶ 8} In reviewing the record, the following is pertinent to the instant appeal. The appellant filed the aforementioned motions on April 9, 2001. From April 9, 2001 through July 16, 2001, the lower court took no action concerning those motions because of alleged problems concerning service on the appellee. On July 16, 2001, the appellant filed a notice of voluntary dismissal. On July 18, 2001, the magistrate issued Findings of Fact and Conclusions of Law, which recommended the dismissal, with prejudice, of the appellant's motions. On July 20, 2001, the record reflects specifically:
 {¶ 9} "7/20/01 Pltf's Motions #65577, 65578, 74446 and 65143 are dismissed without prejudice at pltf's costs. OSJ. Vol. 3796 Pg. 712 Notice Issued."
 {¶ 10} This entry reflects the actual journalization of the appellant's dismissal as opposed to the filing of the actual voluntary dismissal. Thereafter, on August 16, 2001, the lower court formally adopted the magistrate's decision recommending dismissal with prejudice despite the fact that the appellant had formally voluntarily dismissed the pending motions without prejudice prior to the magistrate's recommendation.
 {¶ 11} A Civ.R. 41(A)(1)(a) dismissal is self-executing and gives a plaintiff an absolute right to terminate his or her cause of action voluntarily and unilaterally at any time prior to commencement of trial without order of the court and without giving notice to opposing counsel. Clay Hyder Trucking Lines, Inc. v. Riley (1984),16 Ohio App.3d 224, 225. The mere filing of the notice of dismissal with the clerk of courts completely divests the court of jurisdiction. Stateex rel. Hunt v. Thompson (1992), 63 Ohio St.3d 182.
 {¶ 12} Civ.R. 41 affords the practitioner a variety of options, foremost of which is the self-executing notice of dismissal. The court has inherent control over its docket, but the court is powerless to prevent a properly filed self-executing dismissal by a party. The journalization is merely an acknowledgment that a party accomplished a dismissal pursuant to one of the options outlined in Civ.R. 41, namely the self-executing unilateral option; cf. Conley v. Jenkins (1991),77 Ohio App.3d 511. Conley confirms that a Civ.R. 41(A)(1)(a) dismissal deprives the court of jurisdiction. 77 Ohio App.3d at 517.
 {¶ 13} Therefore, in reviewing the record, it is clear that the appellant executed a proper voluntary dismissal, pursuant to Civ.R. 41(A). Upon the filing of the notice of dismissal, the lower court was divested of any jurisdiction to thereafter dismiss with prejudice the appellant's motions. Moreover, the lower court acknowledged the voluntary dismissal by formally journalizing it, as evidenced by the entry of July 20, 2001.[1]
 {¶ 14} As such, we find the instant appeal to have merit. The lower court's dismissal of the aforementioned motions with prejudice is hereby reversed, and the lower court is hereby order to correct the record to reflect that the aforementioned motions are dismissed without prejudice.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., CONCURS.
 MICHAEL J. CORRIGAN, P.J., DISSENTS WITH SEPARATE DISSENTING OPINION.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).
[1] Since the notice of voluntary dismissal was self-executing, the appellant was under no duty to file objections to the lower court's findings of facts and conclusions of law, which were issued and journalized subsequent to the filing of the dismissal, in order to preserve this issue on appeal.