[Cite as *Ritchey v. JP Morgan Chase Bank*, 2017-Ohio-8529.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| WILLIAM R. RITCHEY, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2016-L-130** |
| JP MORGAN CHASE BANK, | : | |
| AS TRUSTEE ON BEHALF OF | | |
| FIRST FRANKLIN MORTGAGE | : | |
| LOAN TRUST 2004-FF10 ASSET- | | |
| BACKED CERTIFICATES SERIES | : | |
| 2004-FF10, | | |
| | : | |
| Defendant-Appellee. | | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2016 CV 000228.

Judgment: Affirmed.


*A. Clifford Thornton, Jr.*, PDC Building, 3659 Green Road, Suite #305, Beachwood, OH 44122 (For Plaintiffs-Appellants).

*Laura C. Infante* and *Jason A. Whitacre*, Clunk, Paisley, Hoose Co., LPA, 4500 Courthouse Boulevard, Suite 400, Stow, OH 44224 (For Defendant-Appellee).


THOMAS R. WRIGHT, J.


{¶1} Appellants, William and Saundra Ritchey, appeal the trial court's decision granting appellee, JP Morgan Chase Bank as Trustee on behalf of First Franklin

Mortgage Loan Trust 2004-FF10 Asset-Backed Certificates Series 2004-FF 10, summary judgment. We affirm.

{¶2} In February 2016, the Ritcheys filed their pro se complaint against appellee seeking damages for breach of contract and unjust enrichment. They also requested declaratory judgment as to their right to rescind and their general rights and responsibilities under their mortgage and note executed on August 13, 2004 regarding the property known as 9885 Weathersfield Drive, in Mentor, Ohio.

{¶3} Appellee initially moved to dismiss the complaint pursuant to Civ.R. 12(B)(6), which the trial court denied. Thereafter, appellee sought discovery that the Ritcheys failed to provide, and as a result, ordered as sanctions that the Ritcheys were precluded "from using any evidence, documentation or information that was not provided to [appellee] as part of its discovery * * *."

{¶4} In October 2016, appellee filed its motion for summary judgment, and the Ritcheys did not respond. In its motion, appellee argues the Ritcheys' claims are barred via res judicata because they already fully litigated these issues in a prior lawsuit. The trial court granted appellee summary judgment and journalized its decision November 10, 2016 at 1:05 p.m. Two minutes later, at 1:07 p.m. on November 10, 2016, the Ritcheys filed their notice of voluntary dismissal pursuant to Civ.R. 41(A).

{¶5} The Ritcheys raise two assigned errors:

{¶6} "The trial court erred to the prejudice of the Appellants by granting the Appellee's motion for summary judgment when the Appellants had previously filed a voluntary dismissal without prejudice pursuant to 41(A) of the Ohio Rules of Civil Procedure. (T.d. 25, 26).

2

{¶7} "Reviewing Appellee's motion for summary judgment de novo, the record is clear and convincing that the trial court erred to the prejudice of the Appellants by granting the Appellee's Motion for Summary Judgment as the Appellants were entitled to a full rescission of the alleged note and mortgage through a declaratory judgment."

{¶8} The Ritcheys first argue that the trial court was precluded from entering summary judgment in light of their right to voluntarily dismiss under Civ.R. 41(A). We disagree.

{¶9} Civ.R. 41(A) states:

{¶10} "(1) By plaintiff; by stipulation. Subject to the provisions of Civ. R. 23(E), Civ. R. 23.1, and Civ. R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

{¶11} "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant[.]"

{¶12} As the Ritcheys contend, "[t]he filing of a voluntary dismissal divests the trial court of jurisdiction over the complaint." *Howard v. SunStar Acceptance Corp.,* 10th Dist. Franklin No. 00AP-70, 2001 WL 481936, *4; *Goble v. Univ. Hosp. of Cleveland*, 119 Ohio App.3d 555, 557, 695 N.E.2d 1171 (8th Dist.1997). The effect of filing a notice of voluntary dismissal by a plaintiff is as if the suit was never been filed against the dismissed parties. *McKay v. Promex Midwest Corp.,* 2d Dist. Montgomery No. 20112, 2004-Ohio-3576, ¶25, citing *Denham v. New Carlisle,* 86 Ohio St.3d 594, 597, 716 N.E.2d 184. However, once the trial court issues a final decision adjudicating the merits on all claims and its decision is journalized, a parties' subsequent notice of

3

dismissal under Civ.R. 41(A) is a nullity. *See generally Conley v. Jenkins,* 77 Ohio App.3d 511, 516-518, 602 N.E.2d 1187 (4th Dist.1991).

{¶13} In *Conley*, the plaintiff filed his notice of voluntary dismissal four days after the trial court advised the parties of its intent to rule in the defendants' favor and grant their motions to dismiss, but *before* the court actually journalized its judgment memorializing its decision. *Id.* at 514-515. A few months later, the trial court journalized its decision granting the defendants' motions to dismiss. *Conley* argued, and the Fourth District Court of Appeals agreed, that the trial court lacked jurisdiction to issue the judgment granting the motions to dismiss because *Conley* had already dismissed his suit via Civ.R. 41(A)(1)(a). *Id.* at 517. *Conley's* voluntary dismissal of his action "dissolve[d] all orders rendered by the trial court during the pendency of the action." *Id.* at 518.

{¶14} As in *Conley*, the same situation arose in *Howard v. SunStar Acceptance Corp.,* 10th Dist. Franklin No. 00AP-70, 2001 WL 481936, *4, where the plaintiffs filed their notice of voluntary dismissal *before* the trial court journalized its decision granting defendant summary judgment. *SunStar* argued on appeal that the plaintiffs should be barred from using the civil rules to thwart the efficient use of judicial resources. However, the Tenth District disagreed and emphasized that a party's right to voluntarily dismiss is the plaintiff's right regardless of motive or inconvenience to the court or other parties if the notice is made before trial commences or where a counterclaim is pending that cannot be independently adjudicated. *Id.*

{¶15} Here, however, the court journalized its decision awarding appellee summary judgment on all claims *before* the Ritcheys' notice of voluntary dismissal was

filed. Thus, unlike *Conley* and *SunStar,* the Ritcheys' voluntary dismissal was too late and thus, had no effect. Implicit in the rule permitting a plaintiff to voluntarily dismiss his or her claims is the requirement that the claims are pending. Civ.R. 41(A).

{¶16} Because the Ritcheys' claims were fully adjudicated by the trial court's journalized, final decision granting appellee summary judgment on all claims, the Ritcheys no longer had the right to voluntarily dismiss their complaint under Civ.R. 41(A). R.C. 2505.02(B)(1); Civ.R. 56; *Wisintainer v. Elcen Power Strut Co.,* 67 Ohio St.3d 352, 355, 617 N.E.2d 1136 (1993). Accordingly, their first assigned error lacks merit and is overruled.

{¶17} The Ritcheys' second assigned error asserts summary judgment was improperly granted based on res judicata because unlike the prior lawsuit adjudicating the foreclosure against them, this suit sets forth their claims against appellee for its violations of state and federal law during the foreclosure process and after foreclosure. The Ritcheys now aver that they asserted claims based on appellee's misconduct in the prior proceedings and for the duration of the foreclosure, and as such, this case does not involve legal issues that could have been previously adjudicated and that consequently, are barred by res judicata.

{¶18} We review a trial court's decision awarding summary judgment de novo and independently review the evidence without deference to the trial court's decision. *Brown v. Scioto Cty. Bd. of Commrs.,* 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993); *McKay v. Cutlip,* 80 Ohio App.3d 487, 491, 609 N.E.2d 1272 (9th Dist.1992).

{¶19} "In order to obtain summary judgment, the movant must show that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as

5

a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 219, 631 N.E.2d 150, 152." *Grafton v. Ohio Edison C*o., 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241 (1996).

**{¶20}** Pursuant to Civ.R. 56(C), the moving party must direct the trial court to some affirmative evidence demonstrating that no genuine issue of material fact exists concerning the essential elements of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). The motion for summary judgment must be denied if the moving party does not satisfy its initial burden. *Id.* However, if the moving party satisfies its initial burden, the nonmoving party has a reciprocal burden pursuant to Civ.R. 56(E), which states:

**{¶21}** "'When a motion for summary judgment is made *and supported as provided in this rule,* an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.' (Emphasis added.)" *Id.*

**{¶22}** The Ritcheys argue that the prior judicial proceedings between them and appellees only adjudicated the liability of the Ritcheys regarding the mortgage and note, and that it did not involve the issues herein, i.e., the liability of appellee based on its federal and Ohio law violations as well as appellee's pre- and post-foreclosure failures.

The Ritcheys now allege that they sought to recover based on appellee's misconduct in prosecuting the foreclosure litigation.

{¶23} However, the arguments they claim to have asserted do not match the allegations in their complaint. Our de novo review is limited to the merits of the claims actually raised in the Ritcheys' complaint, and we are precluded from addressing additional causes of action not alleged in their complaint. Civ.R. 56(A); App.R. 9(A)(1).

{¶24} The Ritcheys' complaint asserts three causes of action. They seek declaratory judgment and allege claims for breach of contract and unjust enrichment. They allege appellee's security interest in their property is a nullity and that appellee never obtained an interest in their property, and as such, appellee had no right to foreclose. The Ritcheys' complaint also claims that appellee breached these agreements, not them.

{¶25} Appellee moved for summary judgment asserting that the Ritcheys' claims are barred by res judicata because identical issues between the parties were litigated in the Lake County Court of Common Pleas, case number 06CF001121. Appellee attached a certified copy the docket and judgment in that case under the self-authentication rule in Evid.R. 902(4).

{¶26} Copies of public records properly certified as correct by the custodian under Evid.R. 902(4) are admissible as evidence in support of a summary judgment motion. Evid.R. 902(4); Civ.R. 56; *Cent. Ohio Neurological Surgeons, Inc. v. Rose*, 10th Dist. Franklin No. 96APE11-1611, 1997 WL 566160, *3; *Hubbard v. Defiance*, 3d Dist. Defiance Nos. 4-12-22, 4-12-23, 2013-Ohio-2144, ¶36.

7

{¶27} The referenced certified docket and judgment decree reflect that appellee, JP Morgan Chase Bank as Trustee on Behalf of First Franklin Mortgage Loan Trust 2004-FF10 Asset Backed Certificates Series 2004-FF10, was granted summary judgment against Sandra M. and William R. Ritchey. The court found that Sandra executed the note regarding the property and that both Sandra and William Ritchey executed the mortgage deed with an original principal amount of $241,300 dated August 13, 2004. Appellee was found to have a superior lien on the subject property. The trial court also ordered the property to be sold, a description of which is attached to the certified judgment of foreclosure. We subsequently affirmed the trial court's decision. *JP Morgan Chase Bank v. Ritchey*, 11th Dist. Lake No. 2006-L-247, 2007-Ohio-4225.

{¶28} The Ritcheys did not file a written opposition to appellee's summary judgment motion.

{¶29} "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226 (1995) syllabus. Res judicata bars not only actions involving the same legal theory as actually litigated in the prior lawsuit, but also bars all claims that could have been litigated in the first action. *Id*. at 382. "All existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit pursuant to Civ.R. 13(A), no matter which party initiates the action." *Rettig Enterprises, Inc. v. Koehler*, 68 Ohio St.3d 274, 626 N.E.2d 99 (1994) paragraph one of the syllabus.

**{¶30}** The note and mortgage attached to the Ritcheys' 2016 complaint filed in the instant case are the same as those in issue in the 2006 foreclosure. The note, dated August 13, 2004, reflects an original principal amount of $241,000 and the same property address and parcel number as in the 2006 foreclosure. Moreover, this suit involves the same parties as the 2006 foreclosure.

**{¶31}** Thus, regardless of whether the Ritcheys actually pursued the identical claims raised in this lawsuit in the 2006 foreclosure against them, the fact that they could have raised their breach of contract and unjust enrichment claims, which logically arise out of the same agreement, in the prior litigation precludes the subsequent pursuit of the same now. *Id.*

**{¶32}** Here, the Ritcheys' breach of contract and unjust enrichment claims arising from the same note and mortgage could have been raised in the foreclosure action against them since the two cases involve the same agreements and the same parties. Thus, the trial court properly entered summary judgment in favor of appellee on the Ritcheys' breach and unjust enrichment claims.

**{¶33}** Summary judgment was also proper on the Ritcheys' request for declaratory judgment. Declaratory judgment will only be rendered when a live and actual controversy exists. *Arnott v. Arnott,* 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶10; *Reinbolt v. Natl. Fire Ins. Co. of Hartford*, 158 Ohio App.3d 453, 2004-Ohio-4845, 816 N.E.2d 1083, ¶13 (6th Dist.), quoting *Indiana Ins. Co. v. M.D.O. Homes, Inc.*, 11th Dist. Lake No. 2000-L-167, 2001 WL 1561063 (Dec. 7, 2001). Because the parties' rights under the note and mortgage have already been adjudicated, no actual controversy exists warranting declaratory judgment here.

{¶34} Thus, the Ritcheys' second assigned error lacks merit, and the trial court's decision is affirmed.


CYNTHIA WESTCOTT RICE, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.