Torres et al., Appellants, *v.*
Sears, Roebuck & Company et al., Appellees.

(No. 39936—Decided March 13, 1980.)

*Mr. Vincent F. Gonzalez,* for appellants.

*Messrs. Baker & Hostetler* and *Mr. Robert K. Lease,* for appellee Sears, Roebuck & Company.

*Messrs. Arter & Hadden* and *Mr. Curtiss L. Isler,* for appellee Otis Elevator Company.

Parrino, C. J.    This is an appeal from a judgment of the Court of Common Pleas of Cuyahoga County which entered a *nunc pro tunc* order dismissing plaintiffs-appellants' complaint.

The issue in this appeal is whether the trial court could properly enter a *nunc pro tunc* order reflecting actions which it intended to make but which it had not actually made. We conclude that the trial court erred in entering such an order. Therefore we reverse.

On February 14, 1977, three-year-old Ramon A. Torres, Jr., fell and cut his finger while riding an escalator in a Sears,

Roebuck & Company department store. On December 29, 1977, he and his father, Ramon A. Torres, Sr., appellants herein, filed an amended complaint in the Court of Common Pleas of Cuyahoga County; the complaint stated claims in negligence against appellees Sears, Roebuck & Company and Otis Elevator Company,[1] hereinafter referred to as Sears and Otis, respectively. Both Sears and Otis filed answers to the amended complaint, and Sears filed a cross-claim against Otis.

On August 2, 1978, the court issued a pretrial order stating that the appellants' claim against Otis would be dismissed with prejudice if appellants failed to provide Otis with the name and address of their expert witness by September 1, 1978.[2] On August 24, 1978, the appellants filed a motion for relief from the pretrial order, stating their intention to rely on the doctrine of *res ipsa loquitur*.[3] On September 8, 1978, appellants filed a notice of voluntary dismissal "Of the instant action without prejudice" pursuant to Civ. R. 41(A); on September 29, 1978, however, the court dismissed the action with prejudice and ordered the dismissal effective *"nunc pro tunc* as of September 1, 1978."[4]

---

[1] The complaint stated that Sears, as owner and operator of the department store, was negligent "in the maintenance, operation and control of the escalator [and in] its failure to warn of its inherent danger to small children." It stated that Otis, as manufacturer and designer of the escalator, was negligent "in the design, manufacture and maintenance of the escalator." It sought, as damages for the injuries proximately caused by such negligence, $138 for medical expenses and $40,000 for pain, suffering, and loss of companionship.

[2] The order stated:

"Upon the Pretrial Motion of the defendant, the Otis Elevator Company, it is hereby ordered as follows:

"The plaintiff has until September 1, 1978 to furnish to counsel for the defendant, the Otis Elevator Company, the name and address of the expert witness which the plaintiff will call to testify at the trial of this matter. Pursuant to Rule 37 of the Ohio Rules of Civil Procedure, and the local rules of this Court, if the plaintiff fails to comply with this Pretrial Order by September 1, 1978, plaintiff's claim against the defendant, the Otis Elevator Company, will be dismissed with prejudice.

"IT IS SO ORDERED."

[3] Application of the doctrine was to be premised upon an alleged malfunction of the escalator, *i.e.,* a momentary vibration, the cause of which appellants were unable to ascertain.

[4] Both Sears and Otis filed motions on September 11, 1978. Otis moved for dismissal of appellants' complaint with prejudice. Sears requested "clarification and/or modification" of the pretrial order, *nunc pro tunc,* to require that appellants provide notice of the expert to Sears, as well as to Otis; it requested dismissal of appellants'

In their timely appeal "from the Order dismissing Plaintiff's suit with prejudice and entered as of September 1, 1978, nunc pro tunc on September 25 [*sic*], 1978," appellants assign three errors.[5] Since we find that the trial court was without authority to give its dismissal retroactive effect, it is unnecessary to consider the merits of those assignments.[6]

A court of record speaks only through its journal; it may, when the journal fails to reflect its actions accurately, correct the journal by an order *nunc pro tunc, i.e.,* an order entered "now for then" and effective on the date the action was actually taken. Orders *nunc pro tunc,* in other words, are available to make the court's record speak the truth; they must be premised upon orders the court has actually made, but has not recorded or has incorrectly recorded. They are unavailable to make the record reflect orders the court should have made or intended to make, but did not. *State, ex rel. Rogers,* v. *Rankin* (1950), 154 Ohio St. 23; *Caprita* v. *Caprita* (1945), 145

---

action, with prejudice, and it voluntarily dismissed its own cross-claim against Otis. The court's order of September 29, 1978, stated:

"The motions of co-defendants, Sears, Roebuck & Company and Otis Elevator Company (hereinafter 'the defendants'), and each of them, having come before this Court and heard after opportunity for argument by counsel for all parties, it is hereby ordered that the August 2, 1978 Pretrial Order of the Court be clarified *nunc pro tunc* to require, *as originally intended,* the September 1, 1978 dismissal of all of plaintiffs' claims against the defendants, with prejudice, in the event of plaintiffs' failure to provide the defendants with the name and address of an expert witness on or before September 1, 1978.

"Further, the Court having found that the plaintiffs have failed to provide defendants in timely fashion with the name and address of an expert witness as required by said Pretrial Order, it is

"ORDERED that plaintiffs' Amended Complaint against the several defendants is dismissed *nunc pro tunc* as of September 1, 1978, with prejudice, at plaintiffs' cost, and judgment is entered as of said date to this effect.

"THERE IS NO JUST REASON FOR DELAY." (Emphasis added.)

[5] The assignments of error are:

"1. The trial court committed prejudicial error when it required plaintiffs to obtain an expert witness.

"2. The trial court committed prejudicial error when it failed to ascertain whether exceptional circumstances existed which necessitated plaintiffs obtaining an expert witness and making the expert witness' report available to the defendants.

"3. The trial court committed prejudicial error due to the severity of the sanction it imposed upon the plaintiffs for failure to comply with the court's order."

[6] Our action is taken pursuant to App. R. 12(A), which permits, but does not require, a Court of Appeals to consider "[e]rrors not specifically pointed out in the record and separately argued by brief."

Ohio St. 5; *Brown* v. *L. A. Wells Constr. Co.* (1944), 143 Ohio St. 580.[7]

The record does not indicate that the court reached its decision to dismiss on September 1, 1978; rather, it indicates that the court reached its decision after considering the motions to dismiss filed by Sears and Otis on September 11, 1978, and after conducting a hearing on the motions. The court's order of September 29, 1978, in other words, reflects action the court intended to take on September 1, 1978, but did not; "[dismissal] *nunc pro tunc* as of September 1, 1978," is, therefore, inappropriate, and the dismissal is effective, if at all, on September 29, 1978.

The appellants had, prior to the court's dismissal with prejudice on September 29, 1978, filed a notice of voluntary dismissal pursuant to Civ. R. 41(A). Civ. R. 41(A) provides, in part, as follows:

"(A) Voluntary dismissal: effect thereof.

"(1) By plaintiff; by stipulation. Subject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. *Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice,* except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim." (Emphasis added.)

This subsection of the rule gives a plaintiff the right to terminate the action voluntarily at any time prior to commencement of trial, subject to the limitations set forth in the rule.

---

[7] Ohio recognizes a limited exception to the general rule. When the evidence has been submitted, and when one of the parties dies during the court's consideration thereof and prior to its decision, the court may enter its decision *nunc pro tunc* effective on the date of submission; the exception is available to prevent injustice from delay occasioned by the court itself. *In re Estate of Jarrett* (1884), 42 Ohio St. 199. See, also, *Toledo Trust Co.* v. *National Bank of Detroit* (1976), 50 Ohio App. 2d 147.

However, the exception is inapplicable to the instant case. Not only does the case not involve the death of a party, but the court's *nunc pro tunc* order indicates that it held a hearing after Sears and Otis filed their motions on September 11, 1978.

Once appellants filed their notice of dismissal, no action remained pending before the court; hence, the court's subsequent dismissal with prejudice must be set aside and the voluntary dismissal without prejudice given effect. *Standard Oil Co. v. Grice* (1975), 46 Ohio App. 2d 97.

The judgment of the Court of Common Pleas of Cuyahoga County is reversed.

*Judgment reversed.*

PRYATEL and KRUPANSKY, JJ., concur.