EWING, Appellee,

v.

**SUMMIT PATHOLOGY ASSOCIATES, INC. et al., Appellants.**

[Cite as *Ewing v. Summit Pathology Assoc., Inc.* (1992), 81 Ohio App.3d 284.]

Court of Appeals of Ohio,
Summit County.

No. 15221.

Decided Feb. 5, 1992.

*Paul G. Perantinides,* for appellee.

*Thomas A. Treadon* and *Julie Moore,* for appellants.

CACIOPPO, Judge.

Appellee filed suit against appellants on January 11, 1990. On March 20, 1991, the parties reached a settlement, which was entered on the record before the trial court. On April 23, 1991, appellee's complaint was dismissed with prejudice. This journal entry was signed by the court and attorneys for the parties. On April 29, 1991, appellee filed a motion to tax costs to appellants. On June 20, 1991, the trial court granted the motion to tax costs. Appellants appeal from this judgment, raising two assignments of error.

Assignments of Error

"I. The trial court erred when it granted plaintiff's motion to tax costs to the defendant because the parties had entered into a prior binding settlement which precluded any further recovery.

"II. The trial court erred in granting every item in plaintiff's motion to tax costs because certain costs, specifically depositions, are not to be taxed as costs unless used at trial."

The trial court granted appellee's motion to tax costs on June 20, 1991, almost two months *after* appellee's complaint was dismissed. When the complaint was dismissed, the cause of action terminated, as did the court's jurisdiction. As the court stated in *Goldstein v. Goldstein* (1988), 50 Ohio App.3d 4, 7, 552 N.E.2d 228, 231:

"In the final analysis, notwithstanding appellees' contention that the trial court retained jurisdiction to make the awards it made of costs and fees, the appellant's case ceased to exist at the moment she filed her notice of voluntary dismissal and the trial court was divested of jurisdiction in the matter. * * *" See, also, *Clay Hyder Trucking Lines v. Riley* (1984), 16 Ohio App.3d 224, 225, 16 OBR 240, 241, 475 N.E.2d 183, 184 (after dismissal, "no action remained pending before the court * * *."); *Torres v. Sears, Roebuck & Co.* (1980), 68 Ohio App.2d 87, 91, 22 O.O.3d 99, 101, 427 N.E.2d 32, 35 ("Once appellants filed their notice of dismissal, no action remained pending before the court * * *.").

Further, the agreement reached by the parties was a settlement of *all* claims, as indicated from the following portion of the transcript:

"MR. PERANTINIDES: May it please the Court,

"Counsel:

"Your Honor, let the record—the record should reflect that on behalf of the plaintiffs, Mr. and Mrs. Richard Ewing [Appellees] the Ewings have accepted the settlement offer of $190,000 in this case. And in addition to that, the defendants will pay for the professional witness fee of Dr. Ackerman whose deposition I took twice, as well as—which would normally be my cost—as well as Dr. Spitz. They took his deposition last week. That is their cost and they, of course, will pay that.

"This is a settlement of all claims on behalf of Mr. and Mrs. Ewing, known and unknown, as between them and both of the—actually, four defendants: Mr. Henthorne, Dr. Henthorne individually; and his group, Summit County—

"MR. TREADON: Summit Pathology Associates, Inc.

"MR. PERANTINIDES: And Dr. Flickinger and the Akron Family Practice [Appellants].  That's it.

"THE COURT: Is that your understanding?

"MR. TREADON: Yes sir.

"MR. AUGHENBAUGH: Yes."

If appellees wanted something different than this, they should have indicated that and resolved the matter before the case was dismissed.

The trial court erred by granting appellee's motion to tax costs after the case had been dismissed.  Appellants' first assignment of error is well taken.  Based on our finding that the trial court erred by granting the motion, we do not need to address the second assignment of error.

The judgment of the trial court granting costs is reversed.

*Judgment reversed.*

BAIRD, P.J., and REECE, J., concur.