{¶ 20} Respectfully, I dissent. I disagree with the majority when it concludes the "common pleas court dismissed all claims against all parties. The final dismissal order rendered the interlocutory order granting summary judgment to Nationwide a nullity." As explained in this court's decision in Saikus v. Ford Motor Co. (Apr. 12, 2001), Cuyahoga App. No. 77802, there is jurisdiction over this appeal.
 {¶ 21} In Saikus, supra, plaintiff filed a complaint for personal injury against Ford Motor Co. and two other defendants, T.E. Clarke Ford, Inc., and Craig Bohl. During the proceedings, the trial court disposed of all of plaintiff's claims against Clarke Ford when the court granted Clarke Ford summary judgment. Plaintiff's claims against the other two defendants remained pending until a settlement was reached later in the case. On appeal, plaintiff argued the court erred in granting Ford summary judgment. Before reaching the merits of the appeal, the majority in Saikus sua sponte raised the issue of the jurisdictional propriety of the appeal and explained as follows:
 {¶ 22} "On March 7, 2000, the court entered an order which stated `settled and dismissed with prejudice. Final.' Thereafter, the court entered an order nunc pro tunc as and for March 7, 2000, which provided that `all remaining claims against Defendants TE Clarke Ford and Bohl only have been settled and dismissed with prejudice. Costs to defendant TE Clarke Ford. Final.'
 {¶ 23} * * *
 {¶ 24} "The trial court's grant of the defendants' summary judgment motions disposed of all the claims against Ford in the amended complaint but only partially disposed of the claims against Clarke Ford and Bohl. The summary judgment was not final and appealable at that time because the court had not certified that there was no just cause for delay pursuant to Civ.R. 54(B). Accordingly, the order granting summary judgment was interlocutory and subject to amendment at any time.
 {¶ 25} "The court's nunc pro tunc dismissal order disposed of the specified ("remaining") claims against specific parties (Clarke Ford and Bohl). As these were the only claims still pending in the case, their disposition resolved all claims against all parties and made the prior order granting summary judgment to Ford final and appealable.
 {¶ 26} "Therefore, we find we have jurisdiction over this appeal."
 {¶ 27} In the case at bar, plaintiff filed her complaint against Nationwide, State Farm, and two individual defendants.[3] Before plaintiff resolved her claims against State Farm and the other defendants, the trial court granted summary judgment to Nationwide, thus disposing of all of plaintiff's claims against Nationwide. Plaintiff went on to resolve the rest of her claims against the remaining defendants. Part of the trial court's docket reflects the following entries:
 {¶ 28} "1/31/2002 MTN for S.J. of Deft. Nationwide (Filed 9/20/01) is granted. Second MTN for S.J. of Deft Nationwide (Filed 12-31-01) is granted. Partial. * * *.
{¶ 29} "* * *
 {¶ 30} "3/19/2002 Motion of Joann Myers for default judgment is granted against Delores Acesta * * *.
 {¶ 31} "3/19/2002 Stipulation of dismissal (Filed 3/18/02). Partial as to Deft State Farm only. We * * * do hereby stipulate that all claims * * * against State Farm herein are hereby settled, pursuant to a settlement agreement, and that the claims against The Deft State Farm are dismissed, with prejudice. any other claims remain unaffected by this entry. * * *
 {¶ 32} "3/19/2002 Case is dismissed as to all parties. Case is now dismissed as to all parties with prejudice . . . final: * * * court cost assessed to the plaintiff(s).
 {¶ 33} "* * *
 {¶ 34} "03/26/2002 Case is dismissed. More definitive entry to follow. final. Case is to be removed from active docket to Judge Calabrese Jr * * * final: * * *.
 {¶ 35} "04/08/2002 Docket entry to provide additional clarification to previously granted MSJ. motion for summary judgment of Deft, Nationwide (Filed 9/20/02) was previously granted. partial. the court having considered all the evidence and having construed the evidence most strongly in favor of the non-moving party determines that reasonable minds can come to but one conclusion, that there are no genuine issues of material fact, and that Deft Nationwide is entitled to judgment as a matter of law."[4]
 {¶ 36} I see no practical or procedural difference between the facts in this case and those in Saikus. Just as in Saikus, when the trial court in the case at bar granted Nationwide's summary judgment motions on February 1, 2002, it disposed of all plaintiff's claims against Nationwide and left her claims against State Farm and the other defendants pending. At that point, the summary judgment was interlocutory and subject to clarification at any time. I agree with the majority that the orders granting and denying summary judgment were "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." I disagree, however, that "revision" is what occurred.
 {¶ 37} After the court granted Nationwide's motion for summary judgment, Nationwide was a passive party, extrinsic to the case, the claim against it having been resolved. It would not, for example, have been expected to attend pre-trials or even the trial itself. The court's March 19, 2002 order, therefore, disposed of the claims against State Farm and Acesta, because these were the only claims still pending in the case. Their disposition resolved all claims against all parties and made the prior order granting summary judgment to Nationwide final and appealable.
 {¶ 38} On March 20, 2002, the trial court dismissed the case, as to all parties, with prejudice. Later, on April 8th and April 10th, the trial court entered two orders in which, among other things, it clarified the grant of summary judgment to Nationwide. I fail to see any material difference between this sequence of events and the dismissal with prejudice in Saikus, supra, finding appellate jurisdiction when plaintiff appealed the grant of summary judgment to Ford.
 {¶ 39} In Saikus the trial court initially granted summary judgment to one defendant and then later wrote an order dismissing all claims as settled. This second order appeared to include the defendant who had been granted summary judgment. The court subsequently clarified that only the remaining claims had been settled, and this court of appeals accepted this clarifying order and held it had jurisdiction.
 {¶ 40} As in Saikus, this court also has jurisdiction over this appeal because the April 8th order is nothing more than a reiteration of what had occurred earlier, namely, the grant of summary judgment to Nationwide. The majority denies that the court had the authority to enter the April 8th order as a nunc pro tunc entry clarifying its decision.
 {¶ 41} Without any basis in the record, the majority concludes that the April 8th entry is a substantive change to the court's final judgment.[5] The majority states: "The post judgment order did not attempt to correct the final order of dismissal. Rather, the courtattempted to reenter the summary judgment in favor of Nationwide afterdismissal of the entire case." (Ante, p. 6; emphasis added).
 {¶ 42} I disagree with the majority's conclusion that the court's April 8th entry reaffirming its earlier grant of summary judgment to Nationwide does not qualify as a nunc pro tunc entry. First, that entry cannot be a substantive change because the court had already granted summary judgment to Nationwide. The court never expressly contradicted that earlier order. On its face, the April 8th entry merely clarifies the fact that summary judgment was granted by adding verbatim language from Civ.R. 56. There is nothing in the entry which changed the fact that the order granting summary judgment to Nationwide was now made final and appealable because the claims unaffected by the summary judgment order were now dismissed with prejudice.
 {¶ 43} Additionally, I am compelled to comment on the majority's analysis of an interlocutory order. In the case at bar, the grant of summary judgment to Nationwide was a definite grant of relief, albeit in an interlocutory order. When the court finally dismissed the case with prejudice as to those other parties, Nationwide's summary judgment then became final and thus ripe for appeal.
 {¶ 44} The majority relies upon Pitts v. Ohio Dept. of Transp.
(1981), 67 Ohio St.2d 378, paragraph one of the syllabus, for the proposition that the trial court could not reconsider or vacate a dismissal with prejudice on its own motion. Pitts, however, is completely inapposite to the case at bar. First, because Pitts was an administrative appeal, the trial court functioned as an appeals court. That is not the situation before this court. Second, Pitts dealt exclusively with a motion to reconsider, which no one filed in this case. Thus Pitts is inapplicable.
 {¶ 45} I disagree with the majority's statement that because the trial court had dismissed the case with prejudice the court could not write a nunc pro tunc order reaffirming the decision to grant summary judgment. It is settled law that a trial court may clarify its own previous order so long as the "corrected entry does not create or deny existing rights." Civ.R. 60(A); Iglodi v. Montz (June 9, 1994), 8th Dist. No. 64941; Torres v. Sears Roebuck Co. (1980),68 Ohio App.2d 87, 427 N.E.2d 32; State ex rel. Rogers v. Rankin (1950),154 Ohio St. 23, 93 N.WE.2d 281; National Life Ins. Co. v. Kohn (1937),133 Ohio St. 111, 11 N.E.2d 1020.
 {¶ 46} In this case, the trial court did not revise its earlier entry granting Nationwide summary judgment; that decision was clear from the beginning. The court merely clarified a very broad entry that never even mentioned Nationwide. The April 8 and 10, 2002 entries do not create or deny any existing rights. The majority provides no authority for ignoring the clarifying orders of April 8 and 10, 2002. In that order, the trial court did not "revise" or "replace" its prior summary judgment. The court merely reaffirmed what it had said originally in its entry of January 31, 2002 granting Nationwide summary judgment.
 {¶ 47} It would be a misreading of this docket to see the clarifications of April 8 and 10, 2002 as something new. The trial court had previously determined Nationwide was entitled to summary judgment because neither the Browns' general business policy nor the auto policy provide any UM coverage to plaintiff. This court has jurisdiction to review that judgment. It would not serve judicial economy to clarify again what has already been explained.
[3] Plaintiff named a third defendant identified only as John/Jane Doe.
[4] {¶ a} There is another entry on 4/10/2002, which, in part, reiterates the 4-8-02 entry regarding the grant of summary judgment to Nationwide. That entry reads:
{¶ b} "04/10/2002 Docket entry to provide additional clarification to previously granted MSJ and PLTFS cross motion for summary judgment. PLTFS cross motion for summary judgment (Filed 11/26/02) was previously denied. Motion for summary judgment of Deft. Nationwide (Filed 9/20/02) was previously granted. Partial. The court having considered all the evidence and having construed the evidence most strongly in favor of the non-moving party determines that reasonable minds can come to but one conclusion, that there are no genuine issues of material fact, and that Deft is entitled to judgment as a matter of law."
[5] Initially, I note that none of the parties has characterized the final judgment as an improper change of the court's prior decision.