OPINION
{¶ 1} On April 20, 2004, pro se plaintiff-appellant, Robert G. Curtis, an inmate incarcerated at the Corrections Reception Center after being convicted and sentenced in 1987 to life in prison on four counts of rape and three counts of gross sexual imposition against his minor daughter, filed a complaint for declaratory judgment asserting that defendant-appellee, Ohio Adult Parole Authority, improperly denied him parole. In particular, plaintiff claimed that defendant violated his rights secured by Sections 1, 5, and 7, Article I, of the Ohio Constitution by arbitrarily and unlawfully extending his imprisonment beyond the range suggested by parole board guidelines. Plaintiff also requested injunctive relief, requiring defendant to properly categorize his risk score and to provide him with a meaningful parole hearing.
 {¶ 2} On May 6, 2004, plaintiff served defendant with a request for production of documents; the request was filed with the trial court on May 10, 2004. On June 10, 2004, plaintiff filed a motion to compel, asserting that defendant had not fully complied with his request. Defendant opposed the motion, asserting that the only documents not already produced were those that posed security problems, interfered with treatment, or contained information provided by third parties in reliance upon promised confidentiality.
 {¶ 3} On July 23, 2004, defendant filed a motion for summary judgment or judgment on the pleadings. Defendant contended summary judgment was appropriate pursuant to plaintiff's alleged failure to comply with R.C. 2969.25(C). Defendant contended judgment on the pleadings was appropriate because its decision to deviate from the parole board guidelines was not unreasonable or arbitrary, and plaintiff had received meaningful consideration for parole. Plaintiff filed a response to defendant's motion, to which defendant filed a reply.
 {¶ 4} On July 26, 2004, the trial court filed a decision and entry granting plaintiff's motion to compel. The trial court noted that defendant had implicitly conceded the relevance of the requested documents by admitting that it had in the past made such documents available to inmates' counsel, subject to a protective order, in cases where the inmate plaintiff was represented by counsel. The court further noted that defendant had failed to demonstrate how any of the requested documents posed security problems, interfered with treatment, or were protected by a privilege or confidentiality. The trial court ordered defendant to either provide plaintiff with the requested documents or to produce the documents for in camera review by the court, along with specific argument as to how the documents posed security problems, interfered with treatment, or were protected by privilege. Pursuant to the court's order, defendant submitted the requested documents to the court for in camera review. Plaintiff thereafter filed "objections" to the in camera review.
 {¶ 5} On October 8, 2004, the trial court filed a decision denying defendant's motion for summary judgment and granting defendant's motion for judgment on the pleadings. The court denied defendant's motion for summary judgment based upon a finding that all fees and costs assessed in the action had been paid. The court granted defendant's motion for judgment on the pleadings finding that, because plaintiff had not alleged that his parole was denied for a constitutionally impermissible reason, defendant's decision to deny plaintiff parole was not subject to judicial review under the declaratory judgment statute, R.C. 2721.03. The court further found that, even if a declaratory judgment action was an appropriate vehicle through which to challenge defendant's decision to deny plaintiff parole, plaintiff's claim would nevertheless fail as a matter of law because defendant had discretion to determine whether plaintiff should serve his maximum sentence, and such discretion included deviating from the recommended guideline range. The trial court also determined that plaintiff had received meaningful consideration for parole, rendering his request for injunctive relief requiring the same moot. The trial court indicated that counsel for defendant should prepare, circulate, and submit a judgment entry reflecting the court's decision within five days of the filing of the decision. No such judgment entry was ever filed.
 {¶ 6} On October 14, 2004, the trial court filed a judgment entry addressing issues related solely to plaintiff's motion to compel. The court stated that
* * * Having reviewed the documents Defendant produced, and based upon concerns about security, Plaintiff's mental health treatment, and confidentiality, this Court finds that Defendant need not produce the documents submitted for in camera review. Additionally, contrary to Plaintiff's contention, records pertaining to parole proceedings do not qualify as "public records" in Ohio. R.C. 149.43.
 {¶ 7} On November 9, 2004, plaintiff filed a notice of appeal from "the Judgment filed on October 14, 2004 and the Decision Granting Motion for Judgment on the Pleadings filed on October 8, 2004 that dismissed the Plaintiff's case." Plaintiff asserts the following five assignments of error:
1. THE TRIAL COURT ERRED IN GRANTING APPELLEE ADULT PAROLE AUTHORITY'S MOTION TO DISMISS BY OVERLOOKING CONSTITUTIONAL ISSUES RAISED IN PLAINTIFF'S COMPLAINT[.]
2. THE TRIAL COURT ERRED BY REFUSING TO ENFORCE ITS OWN DISCOVERY ORDER AND BY REVERSING ITS ORDER COMPELLING DEFENDANT TO PRODUCE TO PLAINTIFF DOCUMENTS FUNDAMENTALLY RELEVANT TO HIS COMPLAINT[.]
3. THE TRIAL COURT ERRED IN ISSUING JUDGMENT ENTRY RENDERED OCTOBER 13, 2004[.]
4. THE TRIAL COURT ERRED IN FAILING TO CAUSE THE PROPER ENTRY TO BE PREPARED AND FILED[.]
5. THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF HAD RECEIVED MEANINGFUL CONSIDERATION FOR PAROLE[.]
 {¶ 8} Plaintiff's first, third, fourth, and fifth assignments of error pertain to the trial court's October 8, 2004 decision to grant defendant's motion for judgment on the pleadings. We do not reach the merits of these assignments of error, however, because we lack jurisdiction to do so.
 {¶ 9} The question of whether an order is final and appealable is jurisdictional and may be raised sua sponte by an appellate court. ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 87. Section 3(B)(2), Article IV of the Ohio Constitution and R.C. 2505.03 restrict appellate jurisdiction to the review of final orders, judgments or decrees of inferior courts. "An order of a court is a final appealable order only if the requirements of both Civ. R. 54(B), if applicable, and R.C. 2505.02
are met." Chef Italiano, at syllabus. If an order is not final and appealable, an appellate court lacks jurisdiction to review the matter and must dismiss the appeal. Davison v. Rini (1996), 115 Ohio App.3d 688,692.
 {¶ 10} R.C. 2505.02 provides in relevant part:
(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
(3) An order that vacates or sets aside a judgment or grants a new trial;
(4) An order that grants or denies a provisional remedy and to which both of the following apply:
(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
(5) An order that determines that an action may or may not be maintained as a class action;
(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15,2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24,2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and 5111.018, and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55 of the Revised Code.
 {¶ 11} As noted previously, the trial court's October 8, 2004 decision granting defendant's motion for judgment on the pleadings was never journalized. Civ. R. 58(A) requires a "judgment to be prepared" following a decision, as a judgment is effective only when entered by the clerk upon the journal. It is axiomatic that a court speaks only through its journal. Torres v. Sears, Roebuck Co. (1980), 68 Ohio App.2d 87, 89. Since no appealable judgment entry has been journalized, the assignments of error pertaining to the October 8, 2004 decision must be dismissed for lack of a final appealable order. See White v. Vrable (Sept. 30, 1999), Franklin App. No. 98AP-1351; Scheetz v. Ucker (Feb. 24, 1987), Franklin App. No. 86AP-932; Nationwide Ins. Co. v. Mahn (1987), 36 Ohio App.3d 251.
 {¶ 12} Plaintiff's second assignment of error relates to the trial court's October 14, 2004 judgment entry which, in effect, overruled his motion to compel discovery. Discovery orders are generally interlocutory and, as such, are neither final nor appealable, especially those that deny discovery. DeAscentis v. Margello, Franklin App. No. 04AP-4,2005-Ohio-1520, at ¶ 27. As in DeAscentis, the court's order denying plaintiff's motion to compel discovery meets none of the criteria set forth in R.C. 2505.02; thus, no justification exists for a departure from the general rule that such orders are not final and appealable. As the October 14, 2004 order from which plaintiff appeals is not a final appealable order, we lack jurisdiction to pass upon the merits of the assignment of error.
 {¶ 13} Having determined that neither of the orders from which plaintiff appeals constitutes a final appealable order, we must dismiss plaintiff's appeal.
Appeal dismissed.
Petree and McGrath, JJ., concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.