DECISION
{¶ 1} Plaintiff-appellant, Donna Englert ("appellant"), appeals from a decision of the Franklin County Court of Common Pleas rendered on March 13, 2007, concerning appellant's claims against defendants-appellees, Nutritional Sciences, LLC and Rodney Zeune (collectively "appellees"), for breach of contract, invasion of privacy, unauthorized use of likeness, fraud, and violation of the Ohio Consumer Sales Practices Act.
 {¶ 2} Appellant filed her complaint on July 18, 2005, and filed a motion for summary judgment on April 24, 2006. Appellees responded with a memorandum contra and cross-motion for summary judgment. Appellant's brief indicates the trial court denied *Page 2 
her motion for summary judgment without a written decision in July 2006; however, the record does not reflect such action. From the agreed stipulations filed by the parties, it would appear that when the matter came for trial, the court "agreed to rule on the legal issues upon the submission of [the] Agreed Stipulations." (July 24, 2006 Stipulations, at 1.) On March 13, 2007, the trial court rendered a "Decision on Agreed Stipulations," that held the "defendants are not liable to plaintiff for breach of contract," and that "plaintiff failed to set forth sufficient facts to support claims for fraud, invasion of privacy, unauthorized use of likeness and violation of the Consumer Sales Practices Act." (March 13, 2007 Decision, at 1, 9-10.) The decision itself does not render judgment, nor was a judgment entry ever filed.
 {¶ 3} On appeal, appellant raises the following seven assignments of error:
 I. The trial court erred as a matter of law in holding that Appellees are not liable to Ms. Englert for breach of Contract.
 II. The trial court erred in holding that Appellees had the right to change the terms of the unilateral contract after full performance by Ms. Englert.
 III. The trial court erred in holding that Ms. Englert is not entitled to damages for breach of contract.
 IV. The trial court erred as a matter of law in holding that Appellees are not liable to Ms. Englert for unauthorized use of likeness and invasion of privacy.
 V. The trial court erred in holding that Ms. Englert is not entitled to damages for unauthorized use of likeness and invasion of privacy.
 VI. The trial court erred as a matter of law in holding that Appellees are not liable to Ms. Englert for Fraud. *Page 3 
 VII. The trial court erred as a matter of law in holding that Appellees are not liable to Ms. Englert for violation of the Ohio Consumer Sales Practices Act.
 {¶ 4} We do not reach the merits of these assignments of error, however, because we lack jurisdiction to do so.
 {¶ 5} The question of whether an order is final and appealable is jurisdictional and may be raised sua sponte by an appellate court.Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 87. Section 3(B)(2), Article IV of the Ohio Constitution and R.C. 2505.03
restrict appellate jurisdiction to the review of final orders, judgments or decrees of inferior courts. Curtis v. Adult Parole Auth., Franklin App. No. 04AP-1214, 2005-Ohio-4781. "An order of a court is a final appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met." Chef Italiano, at syllabus. If an order is not final and appealable, an appellate court lacks jurisdiction to review the matter and must dismiss the appeal. Davison v. Rini
(1996), 115 Ohio App.3d 688, 692.
 {¶ 6} As previously mentioned, the trial court's decision of March 13, 2007 was never journalized. Civ.R. 58(A) requires a "judgment to be prepared" following a decision, as a judgment is effective only when entered by the clerk upon the journal. It is axiomatic that a court speaks only through its journal. Torres v. Sears, Roebuck Co. (1980),68 Ohio App.2d 87, 89. Since no appealable judgment entry has been journalized, there is no judgment from which appellant could appeal, there is no final appealable order, and this matter must be dismissed.Curtis, supra; see, also, White v. Vrable (Sept. 30, 1999), Franklin App. No. 98AP-1351; Ryan v. Jones (Sept. 29, 1994), Franklin App. No. 94APE02-193; Scheetz v. Ucker (Feb. 24, 1987), Franklin App. No. 86AP-932; Nationwide Ins. Co. v. Mahn (1987), 36 Ohio App.3d 251. *Page 4 
 {¶ 7} Further, we note the trial court's decision does not set forth the basis upon which it reviewed appellant's claims as the decision makes no reference to the legal standards employed. It would appear the trial court was acting in response to the motion for summary judgment, and if such is the case, the trial court should enter judgment and make the requisite findings pursuant to Civ.R. 56. To the contrary, if the trial court's actions are not based in summary judgment, then the entry should reflect that upon which it is based.
 {¶ 8} Because we lack jurisdiction to consider appellant's appeal on the basis that there is no final appealable order, appellant's appeal is hereby sua sponte dismissed.
Appeal dismissed.
 SADLER, P.J., and TYACK, J., concur. *Page 1