OPINION
{¶ 1} Appellants, R.C. and C.C. ("appellants"), appeal from the March 8, 2007 entry of the Franklin County Court of Common Pleas, Probate Division ("probate court"), in which that court adopted the decision of a probate court magistrate rendered after a hearing on appellants' petition to adopt their foster daughter, M.P.
 {¶ 2} The following facts and procedural history are taken from the record. In December 1998, K.P. and J.P., a married couple residing in Ross County, Ohio, adopted *Page 2 
M.P. from the country of India when she was seven years old. The adoption was finalized in the Ross County Court of Common Pleas, Probate Division, on October 7, 1999. Thereafter, M.P. was diagnosed with Attention Deficit Hyperactivity Disorder and developmental delays. She was placed in a developmentally handicapped classroom at school and was given an Individualized Education Plan. It was recommended that she receive speech and language therapy, MR/DD services and a consultation with a mental health agency.
 {¶ 3} K.P. and J.P. determined that their financial situation would not allow them to provide for M.P.'s needs. Accordingly, on December 4, 2001, K.P. and J.P. signed Ohio Department of Human Services Form 1666, "Permanent Surrender of Child" ("surrender agreement"). Pursuant to the surrender agreement, K.P. and J.P. agreed to permanently surrender custody and control of M.P. to Adoption by Gentle Care ("the agency"), a private child placing agency located in Columbus in Franklin County, Ohio. They signed the surrender agreement in Columbus and, on that same date, left M.P. with the agency. Also on December 4, 2001, the agency placed M.P. with appellants, who reside in the state of Michigan. M.P. has resided with appellants in Michigan ever since.
 {¶ 4} On January 8, 2002, the agency filed a Complaint to Approve Permanent Surrender in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch ("Franklin County juvenile court"), pursuant to R.C. 5103.15(B)(1). Therein, the agency alleged that the court had jurisdiction over the matter by virtue of the fact that the agency, located in Franklin County, stood in loco parentis with respect to M.P. By entry dated January 24, 2002, the Franklin County juvenile court approved the surrender agreement as being in M.P.'s best interest. *Page 3 
 {¶ 5} On August 21, 2002, appellants filed a petition to adopt M.P. in the probate court, pursuant to R.C. 3107.05. The agency filed a written consent to the adoption and, over the next three years, various required homestudies and updates were completed and filed with the probate court. Each of the homestudies recommended that the adoption petition be granted. However, on October 7, 2005, appellants withdrew their petition because they were unable to obtain proof of M.P.'s United States citizenship, which is required in order for appellants to prove M.P.'s eligibility for an adoption subsidy.
 {¶ 6} On October 14, 2005, appellants filed with the probate court a new petition to adopt M.P. The agency again filed a written consent to the adoption, and all homestudies and updates were refiled in the new case. On December 5, 2005, a magistrate of the probate court held a hearing on the petition. At the conclusion of the hearing, the magistrate stated:
 I find that almost all of the documents that this Court needs to approve the adoption have been filed. The (unintelligible) [sic] document that this Court feels needs to still be filed is the approval of the permanent surrender by the original adoptive parents by the court in a county in which they reside.
 [K.P. and J.P.] appear to reside in Londonderry, Ohio, which I understand is in Ross County, Ohio. Since this Court is in Franklin County, it is this Court's position that the permanent surrender has to be approved by the Ross County Juvenile Court.
 Based on everything that I have heard today and everything that I have reviewed in the Court's file, it's my belief that this matter should be approved. And it is my finding that the matter be approved upon receipt and the approval of the permanent surrender by the Ross County Juvenile Court.
 So what I'm going to do today is take the matter under advisement, work with counsel and the agency to clear that issue up; and once that matter is resolved, then I would *Page 4 
expect that I will be signing a final decree of adoption and granting your petition for adoption. And hopefully that — You know, I hope that we can do that fairly quickly; but given that it's the end of the year, it may take a while to resolve that issue.
 I'm not expecting to have you come back for any further proceedings in this Court, so at this time I will close the hearing and wish you a Merry Christmas.
(Tr. 33-34.)
 {¶ 7} Nearly one year later, however, apparently having received no indication that the Ross County juvenile court had approved the surrender agreement, the magistrate issued a decision on November 17, 2006, including findings of fact and conclusions of law. Among the magistrate's findings of fact was a finding that appellants "clearly understand the legal ramifications of the adoption and they have voluntarily accepted parental responsibility for [M.P.]. They appear to be suitable adoptive parents." (Mag. Dec, 5.)
 {¶ 8} However, the magistrate concluded that the surrender agreement would only be valid once the Ross County juvenile court approves it. The magistrate noted that R.C. 5103.15(B)(1) requires that the agency to which the child is being surrendered "shall file a request with the juvenile court of the county in which the child has a residence or legal settlement for approval of the agency's permanent surrender agreement with the parents, guardian, or other persons having custody of the child." The magistrate further noted that Chapter 51 of the Ohio Revised Code does not contain a definition for "residence or legal settlement" but that R.C. 2151.06 provides that for purposes of Chapter 2151, which governs juvenile courts, "a child has the same residence or legal *Page 5 
settlement as his parents, legal guardian of his person, or his custodian who stands in the relation of loco parentis."
 {¶ 9} Citing In re Young, Ashtabula App. No. 2006-A-0025,2006-Ohio-4537, ¶ 24, discretionary appeal not allowed,112 Ohio St.3d 1445, 2007-Ohio-152, 860 N.E.2d 768, the magistrate observed that a "[permanent surrender agreement] prior to consent of the juvenile court is not only revocable by the [surrendering] parent prior to consent of the juvenile court, but such revocation also operates to dissolve the offer to surrender."
 {¶ 10} The magistrate reasoned:
 The permanent surrender of [M.P.] is not permanent until properly reviewed and approved, therefore, her legal residence cannot be based on where the agency that is seeking permanent custody of her is located. According to R.C. 2151.06 her residence and legal settlement is the same as her original adoptive parents who are her legal guardians and custodians. Thus the review of this permanent surrender should have taken place in Ross County. That county's Juvenile Court is the most appropriate forum as [M.P.'s] original adoptive parents reside there and the Probate Court of that county reviewed the original petition for adoption of [M.P.] Once the Ross County Juvenile Court has approved the permanent surrender, then this matter can be concluded.
 DECISION The finalization of this matter cannot proceed until the permanent surrender signed by [M.P.'s] adoptive parents is reviewed and made permanent by the Ross County Juvenile Court.
(Id., 6-7.)
 {¶ 11} Appellants filed objections to the magistrate's decision. Therein, they argued that the "juvenile court of the county in which [M.P.] has a residence or legal settlement" is the Franklin County juvenile court, by virtue of the fact that the agency is *Page 6 
located in Franklin County. They maintained that the agency acquired in loco parentis status immediately upon the signing of the surrender agreement. In an entry dated March 8, 2007, the probate court rejected this argument, pointing out that the case upon which appellants relied for that proposition held that an agency is only in loco parentis with respect to the child once the permanent surrender has been made incompliance with R.C. 5103.15. From the plain language of that statute, the probate court concluded that until approved by the appropriate juvenile court, the surrender agreement was only an offer to surrender custody, the agency did not yet have custody but was still an agency "that seeks permanent custody" of M.P., and K.P. and J.P. retained legal custody of M.P. The court explained:
 Although the Court agrees with the petitioners that a permanent surrender agreement does constitute a contract between the parents and the private agency, the Court does not agree that the contract becomes effective and enforceable immediately upon the signing of the permanent surrender agreement by the parents. It is obvious that the plain language of O.R.C. § 5103.15(B)(2) [sic] requires a private agency to file a request with a juvenile court for the approval of a permanent surrender agreement. If such agreements became enforceable contracts without such approval, what purpose would there be for statutory requirement for approval?
(Mar. 8, 2007 Entry, 2.)
 {¶ 12} After stating that it agreed with the magistrate's analysis, the court concluded by stating:
 The Court finds that until such approval is granted, the parents remain the sole, legal custodians of the child. After approval is granted, the agency would then likely stand in loco parentis to the child until such status is relinquished by a finalized adoption proceeding. *Page 7 
 Therefore, the petitioner's [sic] Objections are OVERRULED and the Magistrate's Decision of November 17, 2006 is ADOPTED IN FULL.
(Emphasis sic.) (Id. at 4.)
 {¶ 13} Appellants appealed, advancing two assignments of error as follows:
 I. The trial court erred by adopting the magistrate's decision, holding that finalization of the adoption could not proceed until the permanent surrender agreement was reviewed and made permanent by the Ross County Juvenile Court because Franklin County was the proper venue for the proceedings.
 II. The trial court erred by adopting the magistrate's decision, holding that the finalization of the adoption could not proceed until the permanent surrender agreement was reviewed and made permanent by the Ross County Juvenile Court, because the defense of improper venue has been waived.
 {¶ 14} Prior to oral argument, this court ordered appellants to show cause, in writing, why this appeal should not be dismissed for lack of a final appealable order. "The question of whether an order is final and appealable is jurisdictional and may be raised sua sponte by an appellate court." Englert v. Nutritional Sciences, LLC, Franklin App. No. 07AP-305, 2007-Ohio-5159, ¶ 5, citing Chef Italiano Corp. v. KentState Univ. (1989), 44 Ohio St.3d 86, 87, 541 N.E.2d 64. Moreover, we must dismiss an appeal that is not from a final appealable order.Epic Properties v. OSU LaBamba, Inc., Franklin App. No. 07AP-44,2007-Ohio-5021, ¶ 10.
 {¶ 15} Section 3(B)(2), Article IV of the Ohio Constitution, limits this court's jurisdiction to the review of final orders of lower courts. The Supreme Court of Ohio has stated that a final order "is one disposing of the whole case or some separate and distinct branch thereof." Lantsberry v. Tilley Lamp Co. (1971), 27 Ohio St.2d 303, 306,56 O.O.2d 179, 272 N.E.2d 127. A trial court's order is final and appealable only if it meets *Page 8 
the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).Denham v. New Carlisle (1999), 86 Ohio St.3d 594, 596, 716 N.E.2d 184, citing Chef Italiano Corp., supra, at 88.
 {¶ 16} R.C. 2505.02(B) provides, in relevant part:
 An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial[.]
 {¶ 17} In their memorandum in support of jurisdiction, appellants argue that the probate court's entry is a final appealable order under R.C. 2505.02(B)(3) because the entry vacates or sets aside a judgment. While acknowledging that the probate court did not do so expressly, they argue that its entry effectively vacated the Franklin County juvenile court's approval of the surrender agreement. We disagree.
 {¶ 18} In order for a judgment vacating another judgment to be final and appealable, the original judgment must have itself been final and appealable. See Yavitch Palmer Co., L.P.A. v. U.S. Four, Inc., Franklin App. No. 05AP-294, 2005-Ohio-5800, ¶ 7, discretionary appeal not allowed, 108 Ohio St.3d 1511, 2006-Ohio-1329, 844 N.E.2d 856. Assuming, without deciding, that the Franklin County juvenile court's approval of the surrender agreement was itself a final appealable order, we do not agree that the probate court's entry vacated or set aside that approval. *Page 9 
 {¶ 19} First, appellants cite no authority for the proposition that a court of appeals may deem a lower court's decision as "effectively" vacating or setting aside a judgment, absent specific language evidencing the lower court's intent to do so. Our research reveals that the few cases in which courts of appeals deemed the lower court's order as final and appealable because it "effectively vacated" another judgment all involved instances where the same trial court issued both the order being appealed and the prior order.[1]
 {¶ 20} Moreover, the probate court in the instant case used no language indicating that it intended to vacate or set aside the Franklin County juvenile court's approval of the surrender agreement. What the probate court said is that the adoption of M.P. cannot proceed until the Ross County Juvenile Court approves the surrender agreement.
 {¶ 21} Section 3107.06 of the Ohio Revised Code provides that, before a petition to adopt a minor child may be granted, written consent to the adoption must be given by, inter alia, the "agency having permanent custody of the minor or authorized by court order to consent." In this case, the only consent in the record is that of the agency. The surrender agreement contains language providing that M.P.'s parents gave up their parental rights to M.P., including the right to consent to her adoption, and that the agency *Page 10 
will have permanent custody of M.P. and the right to place her for adoption, i.e., give the consent required by R.C. 3107.06. Without parental consent, the probate court must ensure that the agency giving consent has the proper authority to do so because a final decree of adoption severs all legal relationships between the parents and the adopted child. R.C. 3107.15(A). Moreover, the procedure for independently placing a child for adoption is in derogation of the common law and must be strictly construed. Lemley v. Kaiser (1983),6 Ohio St.3d 258, 6 OBR 324, 452 N.E.2d 1304, paragraph one of the syllabus. We view the probate court's entry as a determination that the requirements for a valid consent to the adoption of M.P. have not yet been met. We do not construe the probate court's entry as having vacated or set aside a judgment. Thus, it is not a final appealable order pursuant to R.C. 2505.02(B)(3).
 {¶ 22} Though appellants did not base their argument in support of jurisdiction upon any section other than R.C. 2505.02(B)(3), we observe that the probate court's entry also does not qualify as a final appealable order under R.C. 2505.02(B)(1) and (B)(2). "Under both R.C.2505.02(B)(1) and (B)(2), an order is a final order only if it affects a substantial right." Epic Properties v. OSU LaBamba, Inc., Franklin App. No. 07AP-44, 2007-Ohio-5021, ¶ 13. Appellants have not argued that the probate court's entry affects their substantial rights.
 {¶ 23} A petition for adoption clearly involves substantial rights, but unless a trial court's order affects the parties' substantial rights, it is not final and appealable. DeAscentis v. Margello, Franklin App. No. 04AP-4, 2005-Ohio-1520, ¶ 19, citing Burt v. Harris, Franklin App. No. 03AP-194, 2004-Ohio-756, ¶ 12. An order that affects a substantial right is one that, if not immediately appealable, would foreclose appropriate *Page 11 
relief in the future. Bell v. Mt. Sinai Med. Ctr. (1993),67 Ohio St.3d 60, 63, 616 N.E.2d 181. We perceive no indication that the probate court's order will foreclose appropriate relief in the future if it is not immediately appealable. Rather, appellants may appeal if the probate court denies their petition to adopt M.P.
 {¶ 24} The probate court did not deny the petition in its March 8, 2007 entry. Having determined that the requisite juvenile court approval of the surrender agreement had yet to be obtained, the probate court concluded that, "until such approval is granted, the parents remain the sole, legal custodians of the child." (Entry, 4.) The probate court made no other conclusions and used no dispositional language, such as would suggest that the petition was dismissed; the probate court only adopted in full the magistrate's decision. The magistrate's decision did not recommend that the petition be dismissed; rather, the magistrate stated that "[t]he finalization of this matter cannot proceed until" the Ross County juvenile court approves the surrender agreement.
 {¶ 25} Far from determining the merits of the adoption petition, the probate court in fact took no action thereon. "An order that accords the petitioner complete satisfaction of his claim" satisfies the requirements for a final appealable order. State ex rel. Hughes v.Celeste (1993), 67 Ohio St.3d 429, 430, 619 N.E.2d 412. But, "[a] judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." State ex rel.Keith v. McMonagle, 103 Ohio St.3d 430, 2004-Ohio-5580, 816 N.E.2d 597, ¶ 4. Based upon these principles, this court dismissed an appeal by a party to a divorce proceeding, for lack of a final appealable order, when the trial court issued a judgment entry granting the parties a divorce, dividing the parties' property, and determining child custody and spousal support issues, but expressly postponed its *Page 12 
determination as to child support for four months in order to allow one party to obtain employment. See Shively v. Shively (1994), Franklin App. No. 94APF02-249.
 {¶ 26} Likewise in the present case, the probate court's entry does not dispose of the petition (by either granting or denying it) and leaves the merits of the petition unresolved. Moreover, the entry clearly contemplates that future action will be taken before a final disposition of the petition is made.
 {¶ 27} For all of the foregoing reasons, we conclude that the probate court's March 8, 2007 entry is not a final appealable order. Thus, we lack jurisdiction to consider the merits of appellants' assignments of error. Accordingly, the within appeal must be dismissed.
Appeal dismissed.
KLATT and McGRATH, JJ., concur.
[1] Brys v. Trumbull Cement Prods., Trumbull App. No. 2005-T-0057,2006-Ohio-4941 (trial court initially granted summary judgment to defendants, then granted plaintiffs' motion for "reconsideration" and vacated the prior entry of summary judgment); State Farm Mut. Ins. Cos.v. Young, Summit App. No. 22944, 2006-Ohio-3812 (trial court granted default judgment in favor of plaintiff; new party filed contemporaneous motions to vacate the default judgment pursuant to Civ.R. 60(B), and to intervene; court of appeals deemed trial court's granting of motion to intervene as effectively vacating the default judgment, even though trial court did not explicitly grant the Civ.R. 60(B) motion);Haller v. Goodyear Tire Rubber Co., Summit App. No. 20669, 2002-Ohio-3187 (trial court's "nunc pro tunc" entry changing prior dismissal of the case from being a dismissal pursuant to Civ.R. 41(A)(1)(a) to being a dismissal pursuant to Civ.R. 41(A)(2) "effectively" vacated a final judgment because the original dismissal was the second Civ.R. 41(A)(1)(a) dismissal and thus was an adjudication upon the merits). *Page 1